*D. C. Chipman*, for the State.

Nov. Term,
1861.

CARDER
v.
THE STATE.

---

## CARDER v. THE STATE.

Prosecution for an assault and battery with intent to commit murder. The indictment charged "that *A.*, on, &c., at, &c., did then and there unlawfully and *feloniously*, in a rude, insolent and angry manner, touch and strike one *B.*, *with intent* then and there unlawfully and feloniously, and with premeditated malice, to kill and murder the said *B.*, by shooting him in the back with a gun loaded with powder and shot, which gun the said *A.* then held in his hands," &c.

*Held*, that the words "with intent," &c., as used in the indictment, sufficiently expressed the meaning of the word "purposely," as used in the statutory definition of murder; and that the word "feloniously," in the connection in which it was used in the indictment, was identical in its import with the word "purposely."

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—This was a prosecution for an assault and battery with intent to murder. The indictment charges "that *Albert Carder*, on, &c., at, &c., did then and there unlawfully and *feloniously*, in a rude, insolent and angry manner, touch and strike one *Harvey S. Dale*, *with intent* then and there unlawfully and *feloniously*, and with premeditated malice, to kill and murder the said *Harvey S. Dale*, by shooting him in the back with a gun loaded with powder and shot, which gun the said *Albert Carder* then held in his hands," &c.

Defendant moved to quash the indictment; but the motion was overruled, and he excepted. Plea, not guilty. The issues were submitted to the Court, who found the defendant guilty, &c., and having refused a new trial, rendered judgment upon the finding. The indictment is said to be defective, because in charging the offense it omits the word "purposely." We think otherwise. The code says: "Words used in the statute to define a public offense need not be

Saturday,
*December 7.*

Nov. Term, 1861.

strictly pursued; but other words conveying the same meaning may be used." 2 R. S., § 59, p. 368. The word "purposely" is used in the statutory definition of murder; but it seems to us, that its meaning is fully expressed in this indictment by the words "with intent." And moreover the word "feloniously," in the connection in which it is used in the pleading, seems to be identical in its import with the word "purposely." We perceive no reason why the former word may not, in this instance, be held equivalent to the latter. The motion to quash was not well taken.

Again, it is said that the indictment was not properly returned into Court. There is no ground for this objection, because the record shows, affirmatively, that the indictment was found by the grand jury, indorsed by their foreman as "a true bill," and returned by them into open court.

The evidence is upon the record. We have examined it carefully, and are of opinion that it sustains the finding of the Court.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. C. Wilson*, for the appellant.

*John L. Miller*, for the State.