## SLUSSER v. THE STATE.

### No. 9050.

CRIMINAL LAW.—*Assault and Battery.*—*Sufficiency of Affidavit.*—In a prosecution for an assault and battery, the affidavit or indictment must aver, substantially, that the touching, striking and beating were done either rudely, insolently or in an angry manner.

From the Fountain Circuit Court.

*T. L. Stilwell* and *H. H. Dochterman*, for appellant.

*D. P. Baldwin*, Attorney General, and *A. P. Harrell*, Prosecuting Attorney, for the State.

NIBLACK, C. J.—This was a prosecution for an assault and battery, and was commenced by filing an affidavit before a justice of the peace.

The defendant, the appellant here, was found guilty before the justice and appealed to the circuit court, where he moved to quash the proceedings for want of a sufficient affidavit, but his motion was overruled, and upon a trial he was found guilty as charged; judgment was thereupon rendered upon the verdict.

The substantial portion of the affidavit was as follows :

" William L. Messmore, being duly sworn, upon his oath says, that William D. Slusser, on or about the 30th day of June, 1880, at," etc., " in and upon one William L. Messmore, did, in a rude, insolent, angry and unlawful manner, make an assault, and him, the said William L. Messmore, did then and there unlawfully touch, strike and beat with a club."

The sufficiency of the affidavit is the only question presented for our consideration.

To constitute an assault and battery, the unlawful touching complained of must have been either in a rude, insolent or angry manner. 2 R. S. 1876, p. 459, sec. 7 ; *Howard* v *The State*, 67 Ind. 401.

As has been seen, the affidavit before us did not charge,

either in direct terms or in equivalent words, that the touching, striking and beating alleged in it was done either rudely, insolently or angrily. It was for that reason fatally defective, and ought, we think, to have been so held by the court below, upon the motion to quash the proceedings upon it.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.