No. 9483.

THE STATE v. SMITH.

| 74 | 557 |
| 141 | 113 |

CRIMINAL LAW.—*Assault and Battery.*—*Indictment.*—*Sufficiency of.*—In a: prosecution for assault and battery, an indictment charged that the de- fendant "did unlawfully commit an assault and battery upon the per- son of M. S., by then and there, in a rude, insolent and angry manner,. touching, striking, beating," etc., the said M. S.

*Held*, that it, was insufficient for want of an averment that the touching, etc., was unlawful.

SAME.—It is not necessary to use the word "unlawful" in describing the touching, etc., if a term of the same import be employed.

From the Tipton Circuit Court.

*D. P. Baldwin*, Attorney General, and *J. E. Moore,* Prosecuting Attorney, for the State.

*D. Waugh*, for appellee.

ELLIOTT, J.—The court below sustained a motion to quash the indictment preferred against appellee, and entered judgment in his favor, from which the State appeals.

The indictment charges that the appellee, at a time and place therein named, "did unlawfully commit an assault and battery upon the person of one Michael E. Stokes, by then and there, in a rude, insolent and angry manner, touching, striking, beating, bruising and wounding him, the said Michael E. Stokes." The appellee insisted by his motion in the trial court, and insists by his brief here, that the indictment is insufficient, because it is not averred that the touching was unlawful. It is undoubtedly true, as appellee asserts, that an indictment for the offence of assault and battery must show that the touching was unlawful. The State v. Murphy, 21 Ind. 441; Cranor v. The State, 39 Ind. 64. An indictment which does not show this leaves out an important and essential ingredient of the offence. Howard v. The State, 67 Ind. 401. It has been repeatedly decided that the court cannot infer that a touching, charged to have been unlawful, was rude, insolent or angry, but that the manner of the touching must be expressly stated. Slusser v. The State, 71 Ind. 280; The State v. Wright, 52 Ind. 307. There is certainly stronger reason for holding that courts cannot infer that a rude, insolent or angry touching, was also unlawful. The presumption is in favor of innocence, and of the legality of acts, and the State must always show some fact, or facts, countervailing this presumption. It is always necessary, therefore, to show that the touching was unlawful. It is not, however, necessary that the word "unlawful" should be used. It will be sufficient if another term of the same import and meaning is employed. The State v. Trulock, 46 Ind. 289; Sloan v. The State, 42 Ind. 570; Adell v. The State, 34 Ind. 543; Carder v. The State, 17 Ind. 307; Corneille v. The State, 16 Ind. 232.

The State contends, that, conceding it to be necessary to

The State *v.* Smith.

show that the touching was unlawful, the indictment is still sufficient, because that fact is properly stated. The argument is that the word "unlawfully," as used in the clause, "did unlawfully commit an assault and battery upon the person of one Michael E. Stokes," applies to and qualifies the allegation, "by then and there, in a rude, insolent and angry manner, touching, striking and beating" the said Stokes. The appellee, upon the other hand, argues that the word "unlawfully," as used, does not apply to the specific acts of touching and striking described, but that, in order to have any such force, it should have preceded the word "touching." It is, of course, immaterial in just what place a word or allegation of the charging part of an indictment is found, provided it forms part of the description of the offence charged. An offence is properly charged by a statement of the material facts which constitute it, and not by the statement of mere conclusions of law. The phrase, "did then and there unlawfully commit an assault and battery," is a mere conclusion of the pleader, and not the averment of a material traversable fact. The word "unlawfully," as therein used, is confined in its application and meaning to the general conclusion of the pleader, that the accused did commit an assault and battery. The touching, striking and beating are not averred to have been unlawful. It is charged that the touching was rude, insolent and angry, but it is not charged that it was unlawful. The specific facts relied upon by the pleader are, that there was a touching, that it was angry and insolent, but there is no fact stated, nor allegation made, in that part of the indictment which describes the offence, from which it can be concluded as a matter of law, that the touching was not lawful. The pleader does, indeed, state generally his conclusion that the accused did unlawfully commit an assault and battery, but, in stating the facts which he alleges constituted the offence, he wholly omits to charge the essential fact of unlawfulness. If the touching was lawful, no offence

was committed, and there is nothing in the facts stated from which it can be inferred that the touching was not entirely justifiable and lawful. The facts, as stated, do not support the pleader's conclusion that an assault and battery was unlawfully committed, and without substantive facts for its · foundation, the conclusion must go for naught.

It is necessary to show that the touching was unlawful, and as the indictment fails to do this the motion to quash was properly sustained.

Judgment affirmed.