No. 13,426.

## THE STATE *v.* KINDER.

CRIMINAL LAW.—*Assault.—Indictment.*—Under section 1910, R. S. 1881, an affidavit charging, after the date and venue, that the defendant "did then and there, having the present ability to do so, unlawfully attempt to commit a violent injury upon the person of" the affiant, contrary, etc., is sufficient as charging an assault.

From the Tipton Circuit Court.

*J. M. Fippen*, Prosecuting Attorney, for the State.

NIBLACK, J.—This prosecution was commenced before a justice of the peace upon the following affidavit, which was duly subscribed and sworn to before the justice :

"The State of Indiana *v.* Joseph Kinder. John Fennell, being duly sworn, on his oath says, that at the county of Tipton, in the State of Indiana, on the 16th day of September, A. D. 1885, one Joseph Kinder did then and there, having the present ability to do so, unlawfully attempt to commit a violent injury upon the person of John Fennell, this affiant, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Kinder, the defendant below and appellee here, was convicted before the justice, but upon an appeal to the circuit court, the affidavit was quashed and he was discharged. The State appeals.

The section of the statute upon which this prosecution is based reads as follows : "Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault, and, upon conviction thereof, shall be fined in any sum not exceeding fifty dollars." R. S. 1881, section 1910.

We have no brief from the appellee, and hence no argument against the sufficiency of the affidavit. Neither have we any information as to the ground on which the affidavit was held to be insufficient. In the absence of any sugges--

tion to the contrary, we see no objection either to its substantial or technical sufficiency. Moore Crim. Law, section 562.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the motion to quash the affidavit, and for further proceedings.

