No. 14,328.

THE STATE *v.* SUTTON.

CRIMINAL LAW.—*Kidnapping.—Indictment.*—An indictment for kidnapping, which charges an offence in the words of the statute or in words of equivalent meaning, is sufficient.

SAME.—*Statute Construed.*—The offence of kidnapping as defined by one branch of the statute, section 1915, R. S. 1881, is complete if the person is feloniously carried away from his residence, unless the act is done pursuant to some State or Federal law, and an arrest or an imprisonment not made pursuant to such laws constitutes the offence under the other branches of the statute if either is made with the felonious intention of carrying the person from his residence.

From the Dubois Circuit Court.

*J. L. Bretz,* Prosecuting Attorney, for the State.
*J. E. McCullough* and *T. H. Dillon,* for appellee.

ELLIOTT, C. J.—The indictment professes to charge the appellee with the offence of kidnapping, as defined in section 1915, of the criminal code.

The first count thus charges the offence: " That Auzley Sutton, on the 5th day of April, 1886, at the county and State aforesaid, did then and there feloniously, forcibly and fraudulently carry away from his place of residence and imprison Joel R. King forcibly and against his will; that said forcible and fraudulent arrest of him, the said Joel R. King, was not then and there in pursuance of any law of the State of Indiana, nor in pursuance to any law of the United States."

If this count of the indictment does, as the State contends, employ the words of the statute, or equivalent words, it is good. It has long been the rule in this State, as well as elsewhere, that an indictment which charges an offence in the words of the statute, or in words of equivalent meaning, is sufficient. *State* v. *Smith,* 74 Ind. 557, and cases cited p. 558; Gillett Crim. Law, 132*a*, and authorities cited in note.

This rule applies to the crime of kidnapping. Mr. Bishop says: " In practice, most of our indictments for this offence are on statutes; in which case, the pleader's special concern will be to follow the statutory terms." 2 Bishop Crim. Procedure, section 692.

In *State* v. *McRoberts*, 4 Blackf. 178, the rule was applied to a case of kidnapping, the court saying : " This description of the offence agrees with the language of the statute, and is therefore sufficient."

The count under immediate mention is, in some respects, stronger than the statute, for it charges that the carrying away was felonious. The word " felonious " is one of great power. *Carder* v. *State*, 17 Ind. 307; *Weinzorpflin* v. *State*, 7 Blackf. 186.

Taken in connection with the other words of the indictment, it charges that the act of the appellee was a criminal wrong, and excludes any presumption or inference of its lawfulness. If this count of the indictment does charge that the defendant feloniously and unlawfully carried Joel R. King from his residence, and that he did not carry him from it pursuant to any law of the State or Nation, it must be held to sufficiently show that it was done without legal excuse or justification.

The statute does not make it an element of the offence that the person seized shall be carried out of the State, or out of the county. If he is unlawfully and feloniously carried away from his residence, the offence is complete. *State* v. *Rollins*, 8 N. H. 550.

It is said by appellee's counsel that two offences are defined by the statute : " 1st. Whoever forcibly or fraudulently carries off or decoys any person from his place of residence, unless it be in pursuance of the laws of this State or of the United States, is guilty of kidnapping. 2d. Whoever arrests or imprisons any person with the intention of having such person carried away from his place of residence, unless it be

The State *v.* Sutton.

in pursuance of the laws of this State or of the United States, is guilty of kidnapping."

We think that counsel have admirably stated the true construction of the statute, so far as they have gone, but we are inclined to think they have not gone far enough. We are also inclined to agree in their suggestion, that " We suspect that the question of whether the arrest was lawful or unlawful signifies but little;" but we can not entirely concur in their ultimate conclusion. Our judgment is that the offence, as defined by one branch of the statute, is complete if the person is feloniously carried away from his residence, unless the act is done pursuant to some State or Federal law, and that an arrest or an imprisonment not made pursuant to such laws constitutes the offence under the other branches of the statute, if either is made with the intention of carrying the person from his residence.

The clause which reads, "and said false and fraudulent arrest of him, the said Joel R. King," must be construed with its associated words and clauses; but, when thus construed, it does not refer to the carrying away, but to the arrest, for it is antecedently charged that there were two acts, an arrest and a carrying away, so that the clause must be held to refer to the act it expressly designates, that is, the arrest. To make the first count sufficient to charge the offence, other words must be added, for it must be shown that the arrest was unlawfully made for the purpose of carrying away the person arrested from his residence. It must, in other words, be made to appear that the arrest was made with the intention "of having such person carried away from his residence," for so the statute provides. A defendant may make a fraudulent, felonious and forcible arrest, and yet not be guilty of kidnapping, and all that this count of the indictment properly charges on this immediate point is, that there was a fraudulent and felonious arrest not made pursuant to any State or Federal statute. It is therefore bad, for it does not charge

an unlawful arrest with the specified unlawful intention, nor does it charge that the carrying away was not pursuant to any statute of the State or of the United States.

The charging part of the second count reads thus : " That Auzley Sutton, on the 5th day of April, 1886, at Dubois county, in the State of Indiana, did then and there feloniously, forcibly and fraudulently arrest Joel R. King, with the felonious and fraudulent intention of carrying him, the said Joel R. King, forcibly and against his will, from his place of residence, said forcible and fraudulent arrest not being then and there made in pursuance of any law of this State or of the United States."

Much that we have said in discussing the first count applies to the second, and if our previous conclusions are correct, the latter count is good, for it adds the words lacking in the first, as it charges that the felonious and fraudulent arrest was made with the felonious and fraudulent intention of carrying King from his residence. The construction placed upon the statute by appellee's counsel is, as we have said, correct as far as it goes, but it does not go far enough, inasmuch as it omits the statement which the use of the word " or " between the words " arrest " and " imprison " makes necessary. The word " or " makes it necessary to add that one who feloniously arrests or who feloniously imprisons another, with the " intention of carrying him away from his residence," is guilty of kidnapping. If a defendant arrests, or if he imprisons another, with the felonious intention designated, he is guilty, for it is not necessary that he should both arrest and imprison, since, if he does either of these acts with the felonious intention of carrying away, the offence is complete. As it is here charged that the act and the intention concurred, the second count is good, and the court erred in sustaining the motion to quash.

Judgment reversed, with instructions to overrule the motion to quash the second count of the indictment.

Filed Jan. 12, 1889.