The State v. Saurbaugh.

No. 15,156.

## THE STATE v. SAURBAUGH.

CRIMINAL LAW.—*Affidavit.*—*Sufficiency of.*—*Following Usual Avocation on Sunday.*—An affidavit which charges, in general terms, that the defendant, being over fourteen years of age, etc., was found engaged in following his usual avocation on Sunday, selling and delivering merchandise to customers, charges a public offence under section 2000, R. S. 1881. The offence consists in following his usual avocation on Sunday, and the kind of merchandise sold, to whom sold, and for what price, are

wholly immaterial. The charge is in the language of the statute, and is, in this class of cases, sufficient.

From the Allen Circuit Court.

*L. T. Michener*, Attorney General, and *J. M. Robinson*, Prosecuting Attorney, for the State.

*J. R. Bittenger*, for appellee.

COFFEY, J.—This was a prosecution instituted by the State against the appellee, before a justice of the peace, upon the following affidavit, viz.:

"William Schmidt swears that on the 13th day of January, A. D. 1889, which was the first day of the week, commonly called Sunday, Marion Saurbaugh, who was at that time a person over fourteen years of age, at the county of Allen, and in the State of Indiana, was then and there found unlawfully at common labor, and engaged in his usual avocation, to wit: Selling and delivering merchandise to sundry persons, and waiting on customers; and was then and there found unlawfully at common labor, and following his usual avocation on Sunday, said common labor and usual avocation not being then and there a work of charity or necessity; and the said Marion Saurbaugh not being then and there a person who conscientiously observed the seventh day of the week as the Sabbath, nor a traveller, nor a family removing, nor a keeper of a toll-bridge, toll-gate, or ferryman, acting as such."

The affidavit was properly entitled, subscribed and sworn to. A trial of the cause before the justice resulted in a conviction, from which the appellee appealed to the circuit court. The circuit court, on motion of the appellee, quashed the above affidavit, from which ruling the State appeals to this court, and assigns as error the ruling of the circuit court.

In our opinion the affidavit before us charges a public offence. Section 2000, R. S. 1881, provides that "Whoever, being over fourteen years of age, is found on the first day

The State v. Saurbaugh.

of the week, commonly called Sunday, rioting, hunting, fishing, quarrelling, at common labor, or engaged in his usual avocation (works of charity and necessity only excepted),shall be fined," etc.

The substantial charge in this case is that the appellee, on the day named in the affidavit, was found engaged in his usual avocation, to wit: Selling and delivering merchandise to customers.

It is contended by the appellee that this is merely stating a conclusion, and that the affidavit, to be good, should state the kind of merchandise sold, to whom sold, and the price received.

We can not agree with this contention. The offence consists in following the usual avocation of the appellee on Sunday, and the kind of merchandise sold, to whom sold, and for what price, are wholly immaterial. If the appellee was engaged in his usual avocation, it is immaterial whether he sold hardware, flour or domestics. It was as much a violation of the law to sell and deliver the one as the other. By this affidavit the appellee is plainly given to understand that he is charged with following his usual avocation on Sunday, and that it is against that charge he is called upon to defend. The charge is in the language of the statute, and is, in this class of cases, sufficient. *Benham* v. *State*, 116 Ind. 112; *Shinn* v. *State*, 68 Ind. 423 ; *State* v. *Stephens*, 63 Ind. 542; *State* v. *Trulock*, 46 Ind. 289 ; *State* v. *Kinder*, 109 Ind. 226 ; *Payne* v. *State*, 74 Ind. 203; *Betts* v. *State*, 93 Ind. 375 ; *Skaggs* v. *State*, 108 Ind. 53 ; *State* v. *Sutton*. 116 Ind. 527.

It is unnecessary that we should determine whether the affidavit is good as a charge of being found engaged at common labor on Sunday, as it is, in our opinion, clearly good as a charge against the appellee of being found engaged in his usual avocation on that day.

Judgment reversed, with instruction to the circuit court to overrule the motion to quash the affidavit in this cause, and for further proceedings not inconsistent with this opinion.

Filed Feb. 20, 1890.