No. 15,581.

## THE STATE v. KIMMERLING.

CRIMINAL LAW.— *Kidnapping.*—*Statute.*— *Exceptions.*—An indictment for kidnapping based upon section 1915, R. S. 1881, which defines the offence as follows: " Whoever kidnaps or forcibly or fraudulently carries off or decoys from his place of residence, or arrests or imprisons any person with the intention of having such person carried away from his place of residence unless it be in pursuance of the laws of this State or of the United States, is guilty of kidnapping," etc., must in addition to alleging the unlawful and felonious character of the acts with which the defendant is charged negative the exceptions in the statute, and allege that the acts were not done in pursuance of the laws of this State or of the United States.

SAME.—*Exception in Statute.*—*Averment in ' Negation of.*—*Insufficiency.*—An averment in the indictment that the defendant carried away from her residence the person named, "not then and there having established a claim upon her according to the laws of the State of Indiana or the United States," is not the equivalent of that required by the statute.

From the Madison Circuit Court.

*D. W. Wood,* Prosecuting Attorney, and *W. R. Myers,* for the State.

*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

MITCHELL, J.—Section 1915, R. S. 1881, defines the offence of kidnapping as follows : " Whoever kidnaps, or forcibly or fraudulently carries off or decoys from his place of residence, or arrests or imprisons any person, with the intention of having such person carried away from his place of residence, unless it be in pursuance of the laws of this State or of the United States, is guilty of kidnapping," etc.

The charge in the indictment in the present case is that

the defendant did, on a day named, unlawfully, feloniously, forcibly and fraudulently, and by means of menaces, threats and false promises, feloniously and forcibly decoy, kidnap and carry away a certain person named from her residence in a township and county named, in this State, to and into the State of Illinois, the defendant "not then and there having first established a claim upon her," the person named, "according to the laws of the State of Indiana or the laws of the United States."

After a verdict of conviction the judgment was arrested upon the defendant's motion, and the sole question for consideration here is, whether or not the facts stated in the indictment constitute a public offence. The indictment is assailed because it is not charged therein that the acts alleged to have been done were not done in pursuance of the laws of this State or of the United States. In support of the indictment it is contended that it was not necessary to plead these negative facts, and if it was, that the facts pleaded constitute a sufficient negative. The exception, as will be seen by an examination, is found in the clause of the statute which defines the offence, and not in a proviso or other substantive clause.

The authorities all agree that when an exception constitutes a part of the description of the offence sought to be charged, or if it be in the same clause of the act which defines the offence, it is necessary to show by negative averments that the defendant is not within the exception, otherwise no offence is charged. *Russell v. State*, 50 Ind. 174; *Brutton v. State*, 4 Ind. 601; *State v. Maddox*, 74 Ind. 105; *Mergentheim v. State*, 107 Ind. 567; Gillett Crim. Law, section 132 a.

It was necessary, therefore, that the exceptions contained in the statute should have been negatived by suitable averments in the indictment. *State v. Sutton*, 116 Ind. 527; *Bassett v. State*, 41 Ind. 303; *Willey v. State*, 46 Ind. 363;

*Willey* v. *State,* 52 Ind. 246 ; *Meier* v. *State,* 57 Ind. 386 ; *State* v. *Meek,* 70 Mo, 355 (35 Am. Rep. 427).

The averment that the defendant had not then and there established a claim upon the person kidnapped, or carried away from her residence, according to the laws of the State of Indiana or of the United States, is without force or meaning as applied to the statute under which the indictment was returned. The statute which formerly made it a crime to steal and carry away, or to forcibly arrest and take any person to parts without the State, without first having established a claim upon the services of such person, is now happily obsolete, and repealed by the statute above set out.

The averment in the indictment was not the equivalent of that required by the statute. The crime of kidnapping may be committed in either one of two ways: 1. By forcibly or fraudulently carrying one off or decoying him from his place of residence, unless it be done in pursuance of law, State or Federal. 2. By arresting or imprisoning a person with the intention of having him carried away, unless it be done in pursuance of like authority.

It is essential to the sufficiency of an indictment, whether it be under one branch of the statute or the other, that it contain negative averments showing that the acts were not done in pursuance of the laws of this State or of the United States. The charge that the acts were done unlawfully and feloniously is not sufficient in a case like this, in which the negative matter is an essential ingredient and description of the offence.

The judgment is affirmed.

Filed June 19, 1890.