No. 15,417.

## BOES v. THE STATE.

CRIMINAL LAW.—*Kidnapping.*—*How Charged.*—*Section 1915, R. S. 1881, Construed.*—Section 1915, R. S. 1881, defining kidnapping, is composed of two subdivisions. Under the first subdivision there must be a carrying or decoying of the person against whom the wrong is committed, away from his place of residence, forcibly or fraudulently. Under the second subdivision it is not necessary that the person against whom the wrong is committed be compelled or induced to leave his place of residence. In defining the crime embraced in the second subdivision the words " with the intention of having such person carried away from his place of residence," must be employed, but the crime embraced in the first subdivision necessarily involves an intentional carrying away or decoying, and said words need not be used in defining it.

From the Parke Circuit Court.

*S. D. Puett,* for appellant.

*L. T. Michener,* Attorney General, *H. Daniels,* Prosecuting Attorney, *J. T. Johnston, T. N. Rice* and *J. H. Gillett,* for the State.

BERKSHIRE, C. J.—The appellant was tried and convicted of the crime of kidnapping.

The prosecution was instituted by affidavit and information.

The errors assigned present the following questions: Error of the court (1) in overruling motion to quash the affidavit and information, (2) in overruling motion for a new trial, and (3) in overruling motion in arrest of judgment.

The argument is confined to the following questions:

*a.* The court erred in overruling the motion to quash.

*b.* The court erred in giving instructions numbered two and three.

*c.* The verdict of the jury is not sustained by sufficient evidence.

The affidavit is composed of two counts. The first charges

a forcible carrying away of one Nora Pruett from her place of residence, and, the second, a fraudulent decoying of the said female from her place of residence.

It is objected to each count in the affidavit that there is an absence of an allegation of a " felonious intention " in the commission of the acts alleged.

The section of the statute upon which the prosecution rests is 1915, R. S. 1881, and, so far as we need quote from it, it reads as follows: " Whoever kidnaps, or forcibly or fraudulently carries off or decoys from his place of residence, or arrests or imprisons any person, with the intention of having such person carried away from his place of residence," etc., " is guilty of kidnapping."

As we construe this statute, it is composed of two branches or subdivisions. To constitute a crime under the first subdivision there must be a carrying, or decoying, of the person against whom the wrong is committed, away from his place of residence, forcibly or fraudulently.

Under the second subdivision, to constitute the crime, it is not necessary that the person against whom the wrong is committed be compelled, or induced, to leave his place of residence. *State* v. *Sutton,* 116 Ind. 527 ; *State* v. *Kimmerling,* 124 Ind. 382.

The definition given to the crime, in the first subdivision, necessarily involves an intentional carrying, or decoying, away from the place of residence, and hence the Legislature could have had no purpose in including, as a part of the definition of the crime under that subdivision, the words " with the intention of having such person carried away from his place of residence." It would be mere tautology.

But under the second subdivision the crime intended to be embraced in the said statute would be incompletely defined without the employment of the said words.

This conclusion is supported by the authorities cited above, and disposes of the objection raised by the motion to quash.

The objections raised to the instructions present the same question.

The evidence supports the verdict.

We find no error in the record.

Judgment affirmed.

Filed Sept. 25, 1890.