No. 17,037.

## EBERLING v. THE STATE.

CRIMINAL LAW.—*Kidnaping.*—*What Constitutes the Offense.*—*Decoying a Girl.*—Where a married man, somewhat intoxicated, was passing along a highway adjoining a field in which was a girl of his acquaintance, eighteen years old and unmarried, to whom he spoke, and talked with her a few minutes, and took from his pocket a bottle of whisky and invited her to drink with him, which she did, after which they talked a few minutes when they took another drink of whisky, and separated, she driving the cows to the barn, where the same man again met her, and, after taking another drink, they entered into an agreement by which she was to meet him at a designated place after the family with whom she was residing had retired for the night, for the purpose of taking a buggy ride, and in pursuance of such agreement she secretly left the house and met him at the place agreed upon, and got into the buggy with him and drove off, remaining with him all night, during which time they drove from Franklin county to Cincinnati, arriving there in the morning, and, after a short time crossed the river to Covington, Ky., at which place she requested him to take her back home, which he proceeded to do, and after returning home they concealed themselves in the woods one day, being together, in all, from Monday night until Friday night, and during such time were guilty of adultery on two different occasions, once when she was intoxicated and once when she was duly sober, she fully consenting on both occasions and making no objection to the intercourse, such facts are not sufficient to constitute the crime of kidnaping.

From the Franklin Circuit Court.

*E. O'Hair* and *J. F. McKee,* for appellant.

*A. G. Smith*, Attorney-General, for State.

COFFEY, J.—The appellant was prosecuted under an affidavit and information, in the September term of the Franklin Circuit Court for the year 1892, upon a charge of kidnaping one Laura Smalley. A trial by jury resulted in a verdict of guilty, upon which the court, over a motion for a new trial, rendered judgment. The assignment of error questions the propriety of the action

of the circuit court in overruling the appellant's motion
for a new trial.

The facts in the case, as shown by the testimony of
Laura Smalley, upon whose evidence the verdict of the
jury must stand, if it can be sustained, are that at the
time of the commission of the alleged crime, Laura was
a young woman about eighteen years of age, residing at
the house of one Crist, in Franklin county. On the
evening of the 5th of September, 1892, about six o'clock,
the appellant, somewhat intoxicated, was passing the
highway adjoining the farm of Crist, on horse back, and
seeing the prosecuting witness in a field near the road,
spoke to her, when she came to the fence dividing the
field from such highway.

After a few minutes talk, the appellant took from his
pocket a bottle of whisky, and invited the prosecuting
witness to take a drink with him, which she did. They
remained at the fence talking for about ten minutes when
they took another drink of whisky, and separated. She
drove the cows to Mr. Crist's barn, where she and the
appellant met again, and after taking another drink they
entered into an agreement by which she agreed to meet
him at a designated place after the family with whom she
was staying had retired for the night, for the purpose of
taking a buggy ride. She retired with the members of
the family of Mr. Crist, but soon left the house, secretly,
and met the appellant at the place agreed upon. She got
into the buggy, and they drove off. It is uncertain how
much they drank during the night, but the next morn-
ing they drove into the city of Cincinnati.

After remaining in Cincinnati a short time, they
crossed the river to Covington, Kentucky. While at or
near this place, the prosecuting witness requested the ap-
pellant to take her back home, which he proceeded to do.
After returning home and putting up the horse which

they had been driving, they concealed themselves in the woods one day, and until about ten o'clock the next night. They were together from Monday night until Friday night. While together, they were guilty of adultery on two different occasions, once while the prosecuting witness was under the influence of intoxicating liquor, and once when she was duly sober, but on both occasions she fully consented and made no objection to the intercourse. The appellant was a married man with a family residing in the neighborhood, and was well acquainted with the prosecuting witness.

The question arises as to whether these facts sustain the charge of kidnaping .

Mr. Bishop, in his work on Criminal Law, volume 1, section 553, says: "Kidnaping and false imprisonment, two offenses against the individual, of which ordinarily the latter is included in the former, are punishable by the common law. False imprisonment is any unlawful restraint of one's liberty, whether in a place set apart for imprisonment generally or used only on the particular occasion, and whether between walls or not, affected either by physical forces actually applied, or by words and an array of such forces. Kidnaping is a false imprisonment aggravated by conveying the imprisoned person to some other place."

Taking this definition as correct, kidnaping, then, as known to the common law, was false imprisonment aggravated by carrying the imprisoned person to some other place. 2 Bishop's Crim. Law, section 750.

Our statute changes the common law to some extent, as will be seen by reading section 1915, R. S. 1881, which provides that "Whoever kidnaps, or forcibly or fraudulently carries off or decoys from his place of residence, or arrests or imprisons any person, with the intention of having such person carried away from his place of resi-

dence, unless it be in pursuance of the laws of this State or the United States, is guilty of kidnaping,'' etc.

This statute received a construction in the case of the *State* v. *Kimmerling,* 124 Ind. 382, and in the case of *Boes* v. *State*, 125 Ind. 205. The construction placed upon the statute in these cases, we think, is undoubtedly correct.

It can not be contended, however, with any show of reason, that the facts in this case tend to show that Laura Smalley was forcibly carried from her place of residence in Franklin county, or that she was arrested or imprisoned with the intention of having her carried away from such residence. But the statute not only makes it an offense to forcibly carry one away from his place of residence, or to arrest or imprison him with the intention of having him so carried away, but it also makes it a crime to fraudulently decoy one away from his place of residence. Of course there could be no such thing as forcibly decoying a person from his place of residence, because the word decoy means to entice, tempt, lure or allure. To constitute the offense of kidnaping under this provision of the statute, it is necessary that the injured party should be fraudulently decoyed from his place of residence. Ordinarily, there can be no such thing as actual fraud without deception.

In this case, the appellant met the prosecuting witness, and offered her intoxicating liquor, and she drank, freely, it must be confessed, but voluntarily. She did not become so far intoxicated as not to be able to agree upon a place of meeting, and to remember it after the family with whom she resided had retired for the night. Nor was she so far intoxicated as to be unable to leave the house without attracting the attention of the family, and go to the place agreed upon, get into the buggy and drive off. The acts of intercourse which occurred be-

Eberling *v*. The State.

tween her and the appellant are of no influence in the case save as they may tend to show a motive on his part for the kidnaping charged against him. But even to these acts she voluntarily and willingly, according to her own statement, submitted.

The case is, we think, destitute of every element of fraud. It is not claimed that the prosecuting witness in this case is a weak-minded person or that she does not possess ordinary intelligence. It is unreasonable to say that a young women, eighteen years of age, of ordinary intelligence, who will agree to secretly leave her residence after the family retires for the night, and meet a married man for the ostensible purpose of taking a buggy ride in the dark, knowing at the time that he is at least partially intoxicated, does not suspect his motives.

That this appellant was guilty of conduct which richly merits the condemnation of all good people, is not to be denied, but the question for us to decide is whether such conduct amounted to kidnaping.

We are of the opinion that it did not, and for that reason we think the verdict of the jury is not sustained by the evidence.

Judgment reversed, with directions to the circuit court to sustain the appellant's motion for a new trial.

The clerk will give the notice required by law for the return of the appellant to the Franklin county jail.

Filed Jan. 4, 1894.