LESTER PERRY *v.* STATE OF INDIANA.

[No. 174S31. Filed June 22, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

DEBRULER, J.—In a two count indictment, appellant, Lester Perry, was charged with the crimes of kidnapping and assault

and battery with intent to kill. On January 19, 1971, a jury returned a verdict of guilty of kidnapping, Ind. Code § 35-1-55-1, and of the lesser included offense of assault and battery, Ind. Code § 35-1-54-4. By judgment duly entered, appellant received a sentence of life imprisonment for kidnapping and a fine of one thousand dollars and six months imprisonment for assault and battery. He filed a timely motion to correct errors, which was overruled, but he perfected no appeal. We have heretofore granted appellant's petition for permission to file a belated appeal under the provision of Ind. R.P.C. 2, § 2.

On appeal, appellant asserts that the evidence presented at trial fails to sufficiently support his conviction for kidnapping. The statute defining this offense provides:

"Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnapping, and, on conviction, shall be imprisoned in the state prison during life." Ind. Code § 35-1-55-1.

Appellant was charged with having kidnapped Andrew Pernell, a twelve year old boy, on May 7, 1970. On that date, appellant lived with his mother in a house in Indianapolis on Alabama Street. The boy Andrew lived on the same city block, across the alley and two doors down, with his mother, step-father, and younger sister. During the morning of that day, the boy and members of his family observed appellant in the alley behind the houses, taking wheels from a blue Mustang automobile. Appellant looked up from his labors and saw the boy watching him. The step-father notified police about the incident.

That same afternoon, the boy Andrew and his sister were playing in the backyard of their home, when appellant approached and asked if they were interested in making a dollar and getting a puppy. The two then followed appellant to his house and entered it with him. Appellant then sent the boy to the gas station to get a box to put the puppy in. The boy

left, returned with a box, and entered the house. There was no puppy to be seen. Appellant asked him whether he knew how to play a bowling game which was set up in the living room. Thereupon, without argument, provocation or apparent reason, appellant struck him hard over the head with a bowling pin, tied him hand and foot, and carried him down into the basement, where he again hit him over the head, this time with an iron pipe.

Later the same day, the boy was discovered by the police in the same basement, still tied up, in a semi-conscious state and covered with blood.

Appellant's claim of insufficiency of evidence must fail. At the commencement of the events comprising this offense, the boy Andrew was playing in his own backyard, and, at their conclusion, he was found, bound hand and foot in the basement of appellant's house. The evidence established that his movement from his backyard to appellant's basement was the product of both a decoying and a forcible carrying away, as proscribed in the statute.

In *Eberling* v. *State*, (1893) 136 Ind. 117, 35 N.E. 1023, this Court defined the word "decoy" within the kidnapping statute as meaning "to entice, tempt, lure or allure" and concluded that to constitute the crime of kidnapping by decoying a person required that the injured party be "fraudulently decoyed."[1]

The boy was decoyed by appellant's false representations from the time when he left his backyard to the point where he entered appellant's house the second time with the box and was struck on the head. Appellant pretended to be a friend, desirous of presenting the children with a puppy and helping them to earn a dollar. By this pretense, appellant lured the boy into the house, where appellant could hit him

---

1. The kidnapping statute construed by the *Eberling* Court required that the victim be carried away or decoyed "from his place of residence," rather than from "any place within this state," as is required by the present kidnap statute, but was otherwise identical in wording and phraseology to the present statute.

without being seen. By his own testimony at trial, appellant established that he had no puppy. This testimony, coupled with the boy's testimony describing appellant's conduct throughout the episode, would sufficiently support the conclusion that appellant had no good faith intention to help the children earn a dollar either.

After decoying the boy into the house, appellant struck him on the head, tied him, and forcibly carried him from the ground floor downstairs into the basement where he beat him again. Here, as in similar cases involving the abduction of children, the kidnapping began with a decoy or ruse to lead the intended victim to a place where an imprisonment or other criminal purpose could be carried out undetected. Once that placed was reached, the decoy had served its purpose and was abandoned. Then, the kidnapper resorted to forcible movement of the victim and imprisonment.

The facts of this case are quite similar to those which this Court considered sufficient to support the kidnapping convictions in *Pond* v. *State*, (1954) 233 Ind. 585, 121 N.E. 2d 640, and *Shipman* v. *State*, (1962) 243 Ind. 245, 183 N.E.2d 823.

We find also that the evidence sufficiently demonstrated the requisite intent to kidnap. The jury reasonably could have concluded beyond a reasonable doubt that appellant's promises of money and a puppy were false, that he had no intention of fulfilling them, and that his intent was to decoy the victim away from his yard into appellant's house for the purpose of injuring or imprisoning him. The proof of such purposeful conduct was clearly more than sufficient. *Boatman* v. *State*, (1956) 235 Ind. 623, 137 N.E.2d 28.

The conviction is affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 349 N.E.2d 141.