## CRANOR v. THE STATE.

CRIMINAL LAW.—*Affidavit.*—*Justice of the Peace.*—Where an affidavit for an assault and battery is the basis of a prosecution before a justice of the peace, the defendant may be tried thereon on appeal without any information being filed. But such affidavit must enumerate and charge all the substantial elements that enter into the statutory description of the offence. Such an affidavit, that fails to charge the act to have been unlawful and done in a rude, insolent, and angry manner, or that does not contain an equivalent allegation, is defective.

APPEAL from the Howard Common Pleas.

WORDEN, J.—The appellant was prosecuted in a criminal action before a justice of the peace, on the following affidavit, viz.:

"State of Indiana, Howard county, ss. Joseph Miller swears that on or about the 16th day of April, 1871, in said county, Leroy Cranor, as the affiant verily believes, did

commit an assault and battery on the person of one Elizabeth Golding, by running a horse against and over said Elizabeth Golding, in violation of the peace and dignity of the law of the State of Indiana.

[Signed:]                                    " J. H. MILLER."

The appellant was tried and convicted before the justice; and he appealed to the court of common pleas, where he moved to quash the affidavit, but his motion was overruled and he excepted. He was then tried upon the affidavit and again convicted, and judgment was rendered against him over his motion in arrest, which was overruled, and to which ruling he excepted.

The only question presented in the case is as to the sufficiency of the affidavit. The affidavit was the basis of the prosecution before the justice, and on appeal the defendant might be tried thereon without any information being filed. This being the office performed by the affidavit, it should, in order to be valid, enumerate and charge all the substantial elements that enter into the statutory description of the offence. This results from the fact that we have no common law offences. No act, or series of acts, can be criminal under our law unless made so by statute, and then all the elements that are required by the statute to constitute the offence must exist, otherwise no offence is committed. The words used in a statute to define a public offence need not be strictly pursued, but other words conveying the same meaning may be used. 2 G. & H. 403, sec. 59. The facts charged, whether in the language of the statute defining the offence, or in other words conveying the same meaning, must embrace every thing that is necessary to constitute the offence as defined by the statute.

Our statute defining an assault and battery is as follows: "Every person who in a rude, insolent or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery," etc. 2 G. & H. 459, sec. 7.

Upon comparing the affidavit with the statute, it will be

seen that there are two elements that enter into the statutory description of the offence which are not embraced at all in the affidavit, either in the language of the statute or other equivalent words. It is not alleged that the touching was "unlawful." This is an essential ingredient of the offence, and the omission is not supplied by anything that is alleged. For anything that is alleged, the appellant may have run the horse against and over the said Elizabeth by accident and against his will; in which event he would not be guilty of a crime, whatever might be his liability civilly. Again, it is not alleged that the act was done either in a "rude, insolent, or angry manner," nor is there any equivalent allegation. If the act were done by accident and without intent, it could not be said to have been done either in a "rude, insolent, or angry manner," and no crime would be committed.

We are of opinion that the affidavit was insufficient, and should have been quashed.

The judgment below is reversed, and the cause remanded.

*N. P. Richmond* and *C. E. Hendry*, for appellant..

*B. W. Hanna*, Attorney General, and *J. T. Stringer*, for the State.