THE STATE v. HUBBS.

58  415
141  112

CRIMINAL LAW.—*Assault with Intent to Murder.*—*Indictment.*—An indictment for an assault upon another with intent to murder him must allege facts showing, not merely the attempt, but also the ability, of the defendant to commit the crime charged.

From the Knox Circuit Court.

*C. A. Buskirk,* Attorney General, for the State.

PERKINS, J.—The following indictment was quashed for insufficiency:

"State of Indiana, Knox County, ss.

"Knox Circuit Court, May term, 1877.

"The grand jurors for the county of Knox, in the State of Indiana, on their oaths present, that Benjamin Hubbs, on the 7th day of May, 1877, at said county, did feloniously, purposely and with premeditated malice, make an assault upon John White, by then and there feloniously, purposely and with premeditated malice, unlawfully attempting to shoot the said John White with a gun, then and there loaded with gunpowder and leaden

shot, which he, the said Benjamin Hubbs, then and there had in his hands, with intent, then and there and thereby, him, the said John White, feloniously, purposely and with premeditated malice, to kill and murder.

"E. MOSER, Pros. Att'y."

To be valid, the indictment must show, not simply by averment, but by alleging facts evidencing that an assault was committed by Hubbs upon White, and aver the intent with which it was committed. Crimes are not generally charged in indictments simply by name, but by alleging facts filling, in the given case, the definition of the crime.

The definition of an assault is this:

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," etc. 2 R. S. 1876, p. 459.

The indictment in this case alleges an attempt to inflict a violent injury upon White, and the manner thereof, viz., by attempting to shoot him with a loaded gun, which he held in his hands; but it does not allege the present ability to inflict the violence, nor do the facts alleged show it. See note to *The State* v. *Swails*, 8 Ind. 524. The indictment should have averred, that the defendant had such ability, which averment might have been made in the language of the statute.

Prior to the enactment of the statute quoted, in 1865, defining an assault, the matter of this averment came up in the evidence on the trial. *Rice* v. *The State*, 16 Ind. 298. Since the enactment of the statute, it is matter to be averred as well as proved.

The judgment is affirmed.