# Murdock *v.* The State.

### *Indictment for Assault, and Assault and Battery.*

1. *Assault; sufficiency of indictment.*—In an indictment for an assault, the additional averment of a specific intent, or circumstances of aggravation, though not amounting to an intent to commit a higher offense, does not affect its legal sufficiency ; and if proved, it may, in the discretion of the jury, justify a heavier punishment.

2. *Assault and battery; sufficiency of indictment, and alternative averments.*— When the indictment charges that the defendant, by force, poured, or attempted to pour, "a mixture of spirits of turpentine and pepper" upon the person of the prosecutrix, this is, in legal effect, the averment of an assault and battery ; and the alternative averments are authorized by the statute.

3. *Charges requested.*—This court will not consider the correctness of charges asked and refused, when the record does not show that they were reduced to writing, but will presume that they were refused because they were not in writing.

[Murdock v. The State.]

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN K. HENRY.

The indictment in this case charged, in the first count, that the defendant " did assault Sarah Watson, with the intent to maim her " ; and in the second, that he " did assault Sarah Watson with the intent to maim her, by then and there pouring, or attempting to pour into her private parts, a mixture of spirits of turpentine and pepper, with the intent aforesaid." The defendant demurred to each count of the indictment, and specified the following grounds of demurrer : To the first count, " because it merely charges the offense by name, without alleging the necessary ingredients to constitute the offense of mayhem ; and because it fails to aver that the act was done unlawfully, maliciously, and intentionally ; and because it is uncertain and indefinite, in that it does not specify the particular limb or other part of the person specified in the statute." To the second count, " because it fails to allege or charge any offense known to the law of Alabama ; and because the particular facts and means alleged, as constituting the offense attempted to be charged, show no offense against the law of Alabama ; and because it merely describes the offense in general terms, but does not in express terms describe its constituents, namely, that it was unlawfully, maliciously, and intentionally done ; and because it does not allege or charge that the substance used to produce the alleged injury was calculated to produce or inflict a permanent injury on the parts specified, if accomplished ; and because it shows on its face that the part of the person specified is not such a limb, member or part, as comes within the statute." The court overruled the demurrer, " holding that the indictment was good as an indictment for assault and battery, and that the defendant could only be put on trial for an assault and battery." The defendant then pleaded not guilty ; on which plea issue was joined, and a trial was had. During the trial, the defendant requested several charges, which the court refused to give, and which, under the ruling of this court, it is not necessary to state. The jury returned a verdict finding the defendant " guilty of an assault and battery," and imposing a fine of $300 on him. A motion was made in arrest of judgment, on the ground that the indictment did not support or authorize the verdict ; which motion was overruled by the court.

J. W. POSEY, and G. R. FARNHAM, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

[Murdock v. The State.]

PER CURIAM.—For the appellant, a reversal of the judgment and sentence of conviction is claimed, on several grounds, which will be considered in the order of their presentation by counsel.

It is first insisted, the indictment is insufficient, and the demurrers taken to it ought to have been sustained. As an accusation of the statutory felony of assault with intent to maim, the insufficiency of the indictment will be readily conceded, and it is not probable that it was the intention of the pleader to charge that offense. The first count is a charge of an assault aggravated by the accompanying intent to maim. The form of a count for an assault under the Code, by analogy to the forms prescribed for kindred offenses, may be very brief. A simple charge, that before the finding of the indictment A. B. assaulted C. D., would be sufficient. The pleader may, if he thinks proper, add an averment of the intent with which it was committed, or any other fact or circumstance of aggravation, without changing the nature of the offense. The intent charged in the first count, if shown, might have been cause, in the judgment of the jury, for subjecting the accused to severer punishment, of the same character, than would have been visited upon him, if that intent had not existed. The offense, whether charged in the one form or the other, is the same,—a misdemeanor.

The second count charges, not only an assault, but the means employed in committing it, and involves an averment of a battery,—very informal, it is true. The term *assault* includes, of necessity, an attempt to do another personal violence; and this count proceeds further to aver that the attempt was completed, by the pouring of the turpentine and pepper upon the person of the prosecutrix. A battery is committed, whenever there is wrongful violence inflicted upon another, without his consent. True, this averment of the count is in the alternative—that there was the pouring, or the attempt to pour; but such alternative averments are authorized by the statute.—Code of 1876, §§ 4796–98. The indictment was not obnoxious to the demurrer, and it was properly overruled. This view also disposes of the motion in arrest of judgment. The verdict of the jury was responsive to the second count in the indictment.

The instructions to the jury requested, are not shown by the bill of exceptions to have been in writing; and unless that affirmatively appears, it is the uniform practice of this court not to consider of and pass upon their correctness.

The judgment is affirmed.