## No. 9546.

## KNIGHT *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Formal Objections.*—*Motion to Quash.*—Merely formal objections to an indictment, such as the manner in which it is signed by the prosecuting attorney, are not presented either by a motion to quash or in arrest of judgment, and need not be considered or decided.

SAME.—*Assault and Battery, with Intent.*—*Description of Offence.*—Where the assault and battery is charged, in the indictment, to have been committed "*feloniously, purposely and with premeditated malice,*" with the intent, etc., it sufficiently appears therefrom that such offence was committed "*in a rude, insolent or angry manner,*" without the use of either of the last quoted words.

From the Criminal Court of Allen County.

*S. M. Hench,* for appellant.

*D. P. Baldwin,* Attorney General, *W. S. O'Rourke,* Prosecuting Attorney, and *A. Zollars,* for the State.

HOWK, J.—In this case, the indictment charged, in substance, that on the 7th day of February, 1881, at Allen county, Indiana, the appellant and one Emanuel Fox, "in and upon Diedrich Meyer, did feloniously, purposely and with premeditated malice make an assault, and him, said Diedrich Meyer,

did then and there feloniously, purposely and with premeditated malice beat, strike and wound, with the intent then and there and thereby him, the said Diedrich Meyer, feloniously, purposely and with premeditated malice, to kill and murder, contrary to the form of the statute," etc.

Upon the appellant's waiver of arraignment and his plea of not guilty, the cause was tried by a jury, and a verdict was returned finding him guilty as charged, and assessing his punishment at a fine in the sum of one dollar and imprisonment in the State's prison for the term of two years, and judgment was rendered accordingly.

In this court, the appellant has assigned as errors the overruling of his motions to quash the indictment, and in arrest of judgment. ·

These assignments of error present no questions for the decision of this court, except such as relate to the sufficiency of the facts stated in the indictment, to constitute a public offence, Merely formal objections, such as the manner in which the indictment is signed by the prosecuting attorney, are not presented by either of the alleged errors, and need not be considered or decided.

The only objection urged to the indictment, which goes to its sufficiency, is that it fails to charge the alleged assault and battery, in the technical language of the statute defining that offence; that is, that it was committed " in a rude, insolent or angry manner." It will be seen, however, from our summary of the indictment, that it charged the offence to have been committed "*feloniously, purposely and with premeditated malice,*" with the intent, etc. In the recent case of *Hays* v. *State*, 77 Ind. 450, it was held, in substance, that the words last quoted and italicized were sufficient to show that the offence charged was committed in a rude, insolent and angry manner. Upon the authority of the case cited, it must be held, and correctly so we think, that the appellant's objection to the sufficiency of the indictment, in the case at bar, is not well taken and must be overruled.

The court committed no error, either in refusing to quash the indictment or in overruling the motion in arrest of judgment.

The judgment is affirmed, with costs.