[No. 1489.  Decided November 6, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
LARGENT, *Appellant*.

ASSAULT WITH INTENT TO MURDER — VERDICT FOR ASSAULT WITH
INTENT TO DO BODILY HARM — RES JUDICATA.

Under an information charging the accused with an assault with
an intent to commit murder, a verdict finding him guilty of assault
with a deadly weapon with intent to do bodily harm is erroneous.

Where a motion for a new trial, in which over fifty distinct as-
signments of error are alleged, is granted without specifying the
particular ground therefor, the ruling of the court cannot be urged
as *res judicata* upon any of the grounds assigned.

*Appeal from Superior Court, Whitman County.*

*James W. Reid,* for appellant.

*J. N. Pickrell,* Prosecuting Attorney (*Chadwick & Fullerton,* and *C. M. Wyman,* of counsel), for The State.

The opinion of the court was delivered by

DUNBAR, C. J.—This is a criminal action, tried in the month of March, 1892, in the superior court of Whitman county. The charging part of the indictment was as follows:

"Said William Largent, A. D. Thiriot and T. R. Manning, in the county of Whitman, in the State of Washington, on the 20th day of May, 1891, in and upon the person of one George Comegys, then and there being, did unlawfully, feloniously, purposely, and of their deliberate and premeditated malice, make an assault with an intent unlawfully, feloniously and purposely, and of their deliberate and premeditated malice, him, the said George Comegys, then and there to kill and murder by then and there unlawfully, feloniously and purposely, and of their deliberate and premeditated malice, shooting at, upon and against him, the said George Comegys, with revolving pistols, then and there loaded with gunpowder and leaden balls, which said revolving pistols they, the said William Largent, A. D. Thiriot and T. R. Manning, then and there held in their hands."

Upon trial the jury rendered a verdict of guilty of an assault with a deadly weapon, and a judgment of one year's sentence in the penitentiary was pronounced. A motion was made for a new trial, which was overruled, and defendant appealed to this court.

This case falls squarely within the rule laid down by this court in *State v. Ackles,* 8 Wash. 462, where it was held that under an information charging the accused with an assault with an intent to commit murder, a verdict finding him guilty of assault with a deadly weapon with intent to do bodily harm is erroneous, as such verdict convicts

him of an offense other than the one alleged in the infor- ·
mation.

In consideration of the probabilities of a new trial, it is
probably necessary to pass upon the contention of the ap- ·
pellant that the order made by Judge Blake on July 3,
1891, was *res adjudicata.* Investigation of the record
will not bear out appellant's contention, as the motion was
made upon different grounds, and it does not appear upon
what particular ground the motion was granted, as there
were over fifty distinct assignments of error alleged, the
fortieth of which was that the information did not state
facts sufficient to constitute a crime. The ruling of the
court simply was that "the court hereby orders the mo-
tion of defendants herein for a new trial and to set aside
the verdict of the jury rendered herein sustained, and it is
hereby sustained."

This calls to our notice the fact that sixty errors are as-
signed in this case, and it seems to us that the number is
sufficient in a cause of this kind to justify this court in re-
fusing to enter into their discussion. Those of them
which have any merit the court will probably not be called
to pass upon in a new trial, so that we will content our-
selves with simply reversing the case.

The judgment will, therefore, be reversed, and the cause
remanded with instructions to grant a new trial.

SCOTT, HOYT and STILES, JJ., concur.