[No. 2165. Decided June 2, 1896.]

THE STATE OF WASHINGTON, *Appellant*, v. THOMAS CLAYBORNE, *Respondent*.

ASSAULT WITH DEADLY WEAPON — SUFFICIENCY OF INDICTMENT.

In an indictment charging defendant with an assault with a deadly weapon with the intent to inflict a bodily injury, the employment of the term "personal injury," although the statute uses the term "bodily injury," will not render the indictment insufficient.

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge. Reversed.

*A. W. Hastie*, Prosecuting Attorney, and *W. W. Wilshire*, for The State.

The opinion of the court was delivered by

Hoyt, C. J.—The charging part of the indictment upon which the respondent was tried was in the following language:

"He the said Thomas Clayborne, in the County of King, in the State of Washington, on the third day of November, A. D., 1895, did wilfully, unlawfully and feloniously make an assault on one Ed. Lonsdale with a deadly weapon, to-wit, a razor, which he the said Thomas Clayborne then and there had and held in his hand, by then and there wilfully, unlawfully and feloniously, with said deadly weapon, cutting and wounding the said Ed. Lonsdale, in the left side upon the left arm of him the said Ed. Lonsdale, with the intent, then and there, wilfully, unlawfully and feloniously to inflict in and upon the person of the said Ed. Lonsdale a personal injury, no considerable provocation appearing for said assault."

After conviction the court granted a motion in arrest of judgment because of the insufficiency of the indictment. The only reason alleged why such indictment was insufficient was that therein it was alleged that the intent was to inflict upon the person of Ed. Lonsdale a " personal " injury, when under the statute the intent to inflict a " bodily " injury was made a necessary constituent of the offense attempted to be charged.

In our opinion, the word " personal " in the connection in which it was used conveyed substantially the same idea as would have the word " bodily," if it had been used, and since it is familiar law that words which mean substantially the same as those prescribed by the statute should be given the same effect as the statutory words, this information should receive the same construction as though the word " bodily " had been used in place of the word " personal." And as

no suggestion has been made that if the word "bodily" had been used it would not have been sufficient, we must hold it to have been sufficient to charge the crime of which the defendant was convicted.

The judgment will be reversed and the cause remanded for further proceedings.

ANDERS, DUNBAR, SCOTT and GORDON, JJ., concur.