[No. 2791. Decided February 25, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS BOHN, *Appellant*.

ASSAULT WITH INTENT TO COMMIT CRIME — SUFFICIENCY OF INFORMATION.

Under the rule that it is not essential to use the words of the statute if others of like import are used, an information charging defendant with making an unlawful and felonius assault is equivalent to charging it as made "in a rude, insolent and angry manner."

When an information alleges a consummated assault in the attempt to commit a crime, a further allegation that defendant had the present ability to carry the attempt into execution is surplusage and not necessary to be alleged.

Appeal from Superior Court, Pierce County.—Hon. W. H. H. KEAN, Judge. Affirmed.

*J. F. O'Brien*, and *C. P. Bennett*, *(C. N. Warner*, of counsel), for appellant.

*A. R. Titlow*, Prosecuting Attorney, and *Hugh Farley*, for The State.

*Per Curiam.*—Appellant was found guilty of an assault with intent to commit robbery under an information, the body of which is as follows:

"Louis Bohn and R. H. Bowman are accused by the prosecuting attorney of the county of Pierce, state of Washington, by this information, of the crime of assault with intent to commit robbery, committed as follows: The said Louis Bohn and R. H. Bowman on the 26th day of March, eighteen hundred and ninety-seven, at the county of Pierce, and state of Washington, and within one year prior to the filing of this information, did then and there together unlawfully and feloniously assault one Peter Olsen; then and there being, by striking, beating and wounding the said Peter Olsen in the back of the head with a steel chisel, with intent then and there and thereby to unlawfully, feloniously, forcibly and by violence take from the person of said Peter Olsen certain articles of value, to-wit: Money. Contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

He contends that the information should have charged an assault in the language of the statute, viz.: "In a rude, insolent and angry manner," and allege a present ability to carry such attempt into execution. Penal Code, § 20 (Bal. Code, § 7055). We have repeatedly held that it was not essential to use the words of the statute if others of like import are used, and the clause charging an unlawful and felonious assault was at least equivalent to charging it in a rude, insolent and angry manner. As to the ability to carry it into execution, the information charges a consummated assault or battery and was sufficient in that respect. *State v. Ackles*, 8 Wash. 462 (36 Pac. 597); *State v. Keen*, 10 Wash. 93 (38 Pac. 880).

Affirmed.