[No. 3072. Decided November 11, 1898.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTOINE
MICHEL, *Appellant.*

ASSAULT  WITH  INTENT  TO  KILL — SUFFICIENCY  OF  INFORMATION—
DUPLICITY — MALICE — EVIDENCE — INTERPRETER.

The fact that an information charging defendant with as-
sault with intent to commit murder also contains a charge of
assault and battery does not render it bad on the ground of
duplicity, since, under Code Proc., § 1320 (Bal. Code, § 6956),
a defendant may be found guilty of any defense necessarily
included within the crime charged.

An information charging that defendant maliciously cut and stabbed a person with intent to kill and murder him, sufficiently alleges malicious intent, which constitutes a necessary element in the charge of assault with intent to commit murder.

The *locus delicti* is sufficiently established, although eye-witnesses did not testify that the crime was committed in the county, when their testimony gives the point where the deed was committed and another witness testifies that such point is located within the county.

The fact that an interpreter was subpoenaed as a witness would not detract from his competency as an interpreter, when he knew nothing of the circumstances surrounding the case, and was subpoenaed as a witness merely for the purpose of having him available as an interpreter.

Appeal from Superior Court, Stevens County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*John B. Slater,* for appellant.

*H. G. Kirkpatrick,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The indictment in this case is as follows:

" That on the 29th day of December, A. D. 1897, at the county of Stevens and state of Washington, Antoine Michel, then and there being, did then and there unlawfully, feloniously, maliciously, purposely and forcibly assault, beat, cut, stab and wound one John Whil Oche-Ken (whose true name is unknown to this prosecuting attorney) with a deadly weapon, to-wit, a knife, which he, the said Antoine Michel, then and there had and held in his hand, with intent then and there, to kill and murder him, the said John Whil Oche-Ken, contrary to the statute in such case made and provided and against the peace and dignity of the state of Washington."

To this information the defendant demurred upon all statutory grounds. Of the objections raised in the demurrer defendant relies upon the following: "2d. That the said information charges more than one crime." The

demurrer was overruled, the defendant was tried, and the verdict of "guilty as charged" was returned. It is true that § 1238 of the Code of Procedure (Bal. Code, § 6844) provides that the information must charge but one crime, and in one form only; but we think this information is sufficient, and falls under § 22 of the Penal Code (Bal. Code, § 7057). It is contended by the appellant that this information also charges assault and battery, and that, if an information charging assault with intent to commit murder contains also a charge of assault and battery, an assault and battery not being necessarily included in assault to commit murder, it is subject to the objection that it charges two offenses in one information. It was held in *State v. Dolan,* 17 Wash. 499 (50 Pac. 472), that in a prosecution for assault with intent to commit murder, it was error to refuse a requested instruction to the effect that the jury may, in case the evidence warrants it, find the defendant guilty of assault, or of assault and battery, since Code Proc., § 1320 (Bal. Code, § 6956), provides that a defendant may be found guilty of any offense necessarily included within the crime charged. This disposes of this part of the objection to the indictment. It is also claimed that this indictment fails to charge the crime of intent to commit murder, because the elements constituting the crime of murder are not set out, and because it should be shown that the intent, which must be specifically set out, was clothed with malice. If we understand this objection, it is that, while it is alleged that the defendant maliciously assaulted, etc., there is no allegation that the intent was malicious. This contention is entirely without merit. If the defendant maliciously stabbed the man with intent to kill him, under any sensible construction it must follow that he maliciously intended to kill him. If such hair-splitting objections as these were entertained by courts, the administration of criminal law would soon be-

come a farce. The acts constituting the crime charged in this case are fully set out. The defendant is fully advised of the crime he is charged with committing, and the indictment is in every particular sufficient. The second contention is that the evidence does not show that the crime was committed in Stevens county, or in the state of Washington. We think the *locus delicti* was sufficiently established. It is true, the testimony of the eye witnesses to the crime did not go to the extent of showing that the crime was committed in Stevens county, but they testified that it was about three miles from the town of Bossburg, on the Colville Reservation; and Dr. Peck testified that the place described by the eye witnesses to the crime, viz., three miles from Bossburg, on the Colville Reservation, would be in Stevens county, state of Washington. We think this was sufficient. The objection to the interpreter is equally without merit. The fact that he had been subpoenaed as a witness could not detract from his competency as an interpreter, when it was made to appear that he was subpoenaed for the very purpose of having him available as an interpreter, and that he was not a witness in the case and knew nothing of the circumstances surrounding the case. His answers in regard to his qualifications did not disclose that he was not a competent interpreter, and we think the court committed no error in allowing him to act as such.

There being no error found in the trial of the cause, the judgment is affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.