[No. 4326½. Decided June 20, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH
PRIEST, *Appellant.*

RAPE — INFORMATION — CRIME CHARGED — DUPLICITY.

An information charging that defendant committed the crime
of rape by feloniously making an assault upon a female child of
the age of fourteen years, and that he did then and there felon-
iously ravish, carnally know and abuse her does not charge more
than one crime, but sufficiently charges the crime under that
subdivision of Bal. Code, § 7062, which provides that a person
shall be guilty of rape who shall carnally know any female child
under the age of eighteen years.

CRIMINAL LAW — ARGUMENT OF COUNSEL — DISPUTE OVER EVIDENCE —
MISTAKE OF COURT — REFUSAL TO CORRECT.

Where counsel for the state and for the defense dispute one
another's statements in their argument to the jury as to whether
a certain material and relevant fact was in evidence, and the
court waves the dispute aside with the remark that there is no
such testimony in the case, and refuses to instruct the jury other-
wise when the court is shown by the stenographer's notes to be
mistaken, the action of the court constitutes reversible error.

Appeal from Superior Court, Jefferson County.—Hon.
GEORGE C. HATCH, Judge. Reversed.

*Trumbull & Trumbull,* for appellant:

It is apparent that the information charged a forcible
or common-law rape; but it also charges that the appellant
did feloniously make an assault and carnally know and
abuse a female child under the age of eighteen, which is
the statutory or constructive rape. Therefore the informa-
tion charges the commission of a rape by force and against
the consent of the female, and also the statutory rape,
where the element of force is immaterial. Such an in-
formation is duplicitous. *State v. Lee,* 56 Pac. 415;
*Greer v. State,* 50 Ind. 267 (19 Am. Rep. 709); *Vasser*

v. *State,* 55 Ala. 264; *People v. Williams,* 65 Pac. 323; *People v. Castro,* 65 Pac. 13.

Judges must take great care to say nothing in the hearing of jurors, while the case is progressing, which can possibly be construed to the prejudice of either party. *Cronkhite v. Dickerson,* 51 Mich. 177; *Atchison, T. & S. F. Ry. Co. v. Ayers,* 42 Pac. 722; *Howland v. Oakland Con. St. Ry. Co.,* 47 Pac. 255; *State v. Stowell,* 60 Iowa, 535 (15 N. W. 417); *Kirk v. Territory,* 60 Pac. 797; *State v. Clements,* 14 Pac. 410; *Cohen v. Drake,* 13 Wash. 102; *State v. Crotts,* 22 Wash. 245; *State v. Coella,* 3 Wash. 99; *Sullivan v. People,* 31 Mich. 1; *Wheeler v. Wallace,* 53 Mich. 355. The rule is well settled that, where the judge during the progress of the trial makes remarks in the presence of the jury which would be erroneous and prejudicial if they had been embodied in the formal charge, the losing party will be entitled to have a verdict to which they might have contributed set aside. *Shakman v. Potter,* 98 Iowa, 66; *State v. Philpot,* 97 Iowa, 365; *Sharp v. State,* 51 Ark. 147; *State v. Harkin,* 7 Nev. 377; *State v. Jacob,* 30 S. C. 131; *Valley Lumber Co. v. Smith,* 71 Wis. 304; *Cross v. Tyrone Mining Co.,* 121 Pa. St. 387.

*George H. Clementson,* Prosecuting Attorney (*J. E. Cochran* and *James G. McClinton,* of counsel), for the State:

The allegation "feloniously did ravish", in charging statutory rape on a female child, is but surplusage, and must be so treated. *State v. Miller,* 3 Wash. 134; *State v. Ackles,* 8 Wash. 462; *State v. Abrams,* 11 Ore. 169 (8 Pac. 327); *State v. Tom Louey,* 11 Ore. 326 (8 Pac. 353); *State v. Horne,* 20 Ore. 485 (26 Pac. 665). It is language of ordinary and very general use in charging

the crime of statutory rape on a child. *State v. Elwood,* 15 Wash. 453; *State v. Hulbert,* 14 Wash. 307; *State v. Hunter,* 18 Wash. 672.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was convicted of the crime of rape. The charging part of the information was as follows:

"Joseph Priest, the defendant above named, is hereby accused by George H. Clementson, as prosecuting attorney for Clallam county, in the state of Washington, by this information, of the crime of rape, committed as follows: The said Joseph Priest, the defendant above named, on or about the third day of July, A. D. 1901, in the county of Clallam, in the state aforesaid, then and there being, in and upon one Edith Trickel, a female child under the age of eighteen years, to wit, of the age of fourteen years, feloniously did make an assault and her the said Edith Trickel, then and there feloniously did ravish, carnally know and abuse."

A demurrer was interposed to the information and the overruling of the demurrer is the first error assigned; the contention being that the information is bad on account of duplicity, that it charged more than one crime, that the appellant was not notified by the information as to the particular crime charged, and that he was unable to determine from the information whether he was charged with forcible or the common-law rape, or with rape under the statute. But any one of the crimes is a statutory crime. The statute provides three definitions of this crime, and § 7062, Bal. Code, provides that "a person shall be deemed guilty of rape who (1) shall, by force and against her will, ravish and carnally know any female of the age of eighteen years or more; (2) shall, by deceit, deception, imposition or fraud induce a female to submit

to sexual intercourse; (3) shall carnally know any female child under the age of eighteen years." So that the element of force must necessarily enter into the first definition, and that of deceit, deception, imposition or fraud into the second. The information in this instance does not charge any force; neither does it charge any deceit, deception, imposition or fraud, but falls squarely within the third subdivision of the section, viz., carnal knowledge of a female child under the age of eighteen years. We think the appellant was abundantly notified of the crime with which he was charged, and that no error was committed in overruling the demurrer to the information.

After the state had made its opening argument to the jury, counsel for the defendant stated, in reference to the waist of the complaining witness (which was an exhibit in the case, and had been introduced by the state for the purpose of showing that there had been a struggle, and that the alleged rape was with actual force and violence, there being tears and rips in the waist which were alleged to have been caused by force and violence during the alleged struggle), that the prosecuting witness had stated in her testimony that at the time of the struggle she had a jacket or coat on over the waist; and argued that if the underwaist was torn in the supposed struggle, it was not unreasonable to suppose that the jacket would also be torn, if the conflict was as described by the prosecuting witness, and asked why this jacket was not presented by the state. This statement of the counsel for the defense was disputed by one of the counsel for the state in the closing argument, who said that Mr. Trumbull was mistaken in regard to the prosecuting witness wearing a jacket or coat at the time of the alleged violence, and that there was not a particle of evidence to substantiate his (Trumbull's) state-

ment.. Thereupon Mr. Trumbull, for the defendant, objected to the statement of counsel, and reiterated that the prosecuting witness had so testified that she wore a coat or jacket at that time. The court then interposed the following remark: "Do you want me to decide this question? If you do, I can decide it." Mr. Trumbull: "If the court please, we have a stenographer here who has taken down the testimony in this case, and, if the court is in doubt, I ask that we refer to his notes in regard to what testimony was given." The court: "I remember the testimony. Edith Trickel did not testify to any such fact. There is no such testimony in the case. Proceed." Proper exceptions were made to these remarks, whereupon counsel for the defendant had the stenographer look over his notes of the testimony of Edith Trickel, and found where she had testified, on both direct and cross examination to wearing a jacket over her waist. At the close of the argument for the state, and before the instructions were given to the jury, the following proceedings took place: "Mr. Trumbull: If the court please, I have had the reporter look over his notes, and I find that my statement was correct, in that the witness Edith Trickel several times testified that she wore a jacket over her waist, and that this court and the counsel for the state are in error in stating that no such evidence was given, and at this time we ask the court to so instruct the jury." This request was denied by the court with the following remark: "Gentlemen of the jury, you will understand that you alone are the sole judges of the facts in this case, and you will rely upon your memory as to the testimony given." The effect on a juror of everything that is said by the court, during the trial of a case, which tends to indicate what the court thinks of the testimony, is so well under-

stood that it scarcely needs judicial expression. It can be seen that this testimony might have been considered important by the jury. The court very flatly and peremptorily told the jury that no such testimony had been given. While it is true that the stenographer's report is only testimony of what actually takes place at a trial, yet it is generally conceded to be the best testimony available, and, in this instance at least, the statement of facts which is certified to by the judge shows that the judge was mistaken, and that the testimony had been given as contended for by the defendant's attorney. So that the judge must have known that he was mistaken, and he ought to have candidly so stated to the jury. The fact that he refused to do so, and waved the whole matter aside by the statement that the jurors would judge from their own memory of what the testimony was, rather discredited the report of the stenographer than otherwise, and still left the jury with the comment of the court on the testimony unrecalled and unexplained. We think, under the circumstances as shown by the record, that this was error which may have been prejudicial to the interests of the appellant, and for this error the judgment must be reversed. This conclusion renders unnecessary a discussion of the other errors alleged, as they may not occur at a subsequent trial.

FULLERTON, C. J., and HADLEY, ANDERS and MOUNT, JJ., concur.