[No. 8218. Department One. February 4, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN H. HEATH, *Appellant*.[1]

INDICTMENT AND INFORMATION—ASSAULT—SUFFICIENCY. A complaint charging that the defendant did assault S. with a deadly weapon, to wit, a shotgun, thereby showing a wilful and abandoned heart, is not sufficient, upon "reducing the charge of assault with a deadly weapon to simple assault," to give the court jurisdiction of the offense of assault, defined by Rem. & Bal. Code, § 2746, to be an attempt, in a rude etc. manner, to unlawfully touch, strike, beat or wound another person, coupled with a present ability to carry such attempt into execution; the charge of "assault" without the statement of any facts being a mere conclusion (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered April 1, 1909, upon a trial and conviction of the crime of assault. Reversed.

*G. C. Israel*, for appellant.

GOSE, J.—A complaint was filed against the appellant in the justice court of Thurston county, the body of which is as follows:

"D. W. Simmons being first duly sworn on oath says that, at Mud Bay, in said Thurston county, state of Washington, on the 10th day of April, A. D. 1908, Jack Heath did commit the crime of assault with a deadly weapon with intent to do as follows: Then and there being, the said Jack Heath did assault D. W. Simmons with a deadly weapon, to wit, a shotgun, thereby showing a wilful and abandoned heart, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

The transcript of the record in the justice court recites that, prior to the hearing on the motion of the prosecuting attorney, "that the charge of assault with a deadly weapon be reduced to the charge of assault, it was so ordered." The

[1] Reported in 106 Pac. 756.

complaint, however, remained as stated. The case was thereupon tried to a jury, the appellant found guilty, and his fine assessed at one dollar and costs. Upon an appeal to the superior court, the case was again tried to a jury on the same complaint, the appellant found guilty of assault, and a judgment entered thereon, from which the appeal is prosecuted.

At the trial in the superior court the appellant objected to the introduction of any evidence, on the ground that the complaint does not charge a crime or offense, and at the close of the state's evidence moved for a nonsuit. The objection to the evidence should have been sustained. The complaint was doubtless drawn with the intention of charging the appellant with an assault with a deadly weapon with an intent to inflict a bodily injury where no considerable provocation appears, under the provisions of the code, Rem. & Bal. Code, § 2749. It is obvious that the complaint was insufficient for that purpose.

The constitution, art. 1, § 22, provides that in criminal prosecutions the accused shall have a right "to demand the nature and cause of the accusation against him." The appellant was tried in each instance as for an assault. The code (Rem. & Bal.), § 2746, thus defines this offense: "An assault is an attempt in a rude, insolent, and angry manner unlawfully to touch, strike, beat, or wound another person, coupled with a present ability to carry such attempt into execution." All courts agree that an offense is charged by the statement of the material facts which constitute it, and not by the statement of a mere conclusion of law. The phrase "did assault" is the conclusion of the pleader, and not the averment of a material fact. *State v. Smith*, 74 Ind. 557.

There is no allegation that the appellant attempted to or did touch, strike, beat, or wound another person, nor that he had the present ability to carry the attempt into execution. We have held that it is not necessary to use the words of the statute if others of like import are used, and that

an information which properly charges a consummated assault and battery will support a judgment for assault. *State v. Bohn,* 19 Wash. 36, 52 Pac. 325. The complaint should have alleged that the appellant had the present ability to carry the attempt into execution, either in the language of the statute or in equivalent words. *State v. Hubbs,* 58 Ind. 415. The statute is simple, and its meaning plain, and convictions cannot be permitted to rest upon complaints drawn in utter disregard of the constitutional rights of the accused. No brief has been filed on behalf of the respondent, and we have not therefore had the benefit of the state's view of the case.

The complaint failing to state an offense, the superior court was without appellate jurisdiction. The judgment will be reversed, with directions to dismiss the case.

RUDKIN, C. J., and MORRIS, J., concur.

CHADWICK, J., concurs in the result.

FULLERTON, J. (dissenting)—I am unable to concur either in the reasoning or the conclusion of the majority as expressed in the foregoing opinion. The case itself is unimportant, and so far as it affects the immediate actors, might be allowed to pass without notice, but the principle announced by the decision is, to my mind, far reaching, and such a radical departure from the rules of criminal pleading heretofore thought to be governing in this state, that I am justified in expressing the grounds of my dissent.

The majority hold, as I understand the opinion, that it is no longer sufficient in this state, where the purpose is to charge one person with an assault upon another, to simply use the expression, "did make an assault," but that it is necessary to go further and incorporate in the charge the statutory definition of the offense. This means that instead of alleging, as the pleader has practically done in this instance, "That Jack Heath, in the county of Thurston, in the state of Washington on the 10th day of April, 1908, in and

upon one D.W. Simmons with a deadly weapon, to wit, a shot-gun, an assault did make," it is necessary to allege, "That Jack Heath, in the county of Thurston, in the state of Washington on the 10th day of April, 1908, in and upon one D. W. Simmons with a deadly weapon, to wit, a shotgun, did then and there attempt in a rude, insolent and angry manner unlawfully to touch, strike, beat and wound said D. W. Simmons, he the said Jack Heath being then and there coupled with a present ability to carry such attempt into execution."

This holding, I will undertake to show is not only contrary to the rule of the common law, but contrary to the rule of every state of the Union that has passed upon the question, save the state of Indiana. That it is contrary to the common law rule will be at once conceded. From the earliest times it has been held sufficient at common law to charge a simple assault with the words "did make an assault," without further definition or description of the offense or further statement of the facts constituting the assault; the governing principle being that the word "assault" carried with it its definition, and, hence, to allege that one person assaulted another, was to allege that he did those acts which the law defined as constituting an assault. Thus, in the form given by Chitty, quoted by Bishop in his Directions and Forms, at page 102, the allegation charging the assault is in the words "did make an assault," and Mr. Bishop himself, commenting upon the allegations necessary to a complete charge, gives no other essential necessary to a common law charge of simple assault. He says the word "assault" is a "true technical word" and includes the idea of illegality, maliciousness and unlawfulness, and that the indictment need not allege that the act was done maliciously, illegally or unlawfully; although, he adds, the rule might be different where the indictment is under a statute containing these terms. (Bishop's New Crim. Pro. § 5758.) And in Wharton's Precedents, form 214, the allegation charging the offense is made

in the words "did make an assault." It is noticeable here also that the author makes no use of the words "wilfully" or "unlawfully," treating them as nonessential to a sufficient indictment for the offense at common law. So, also, the precedents in the Ency. of Forms, Vol. 2, p. 234.

The authority of these authors is such that nothing further is needed to prove the common law rule. The cases from the American courts where this precise question has been passed upon are not as numerous as one would expect to find them, but such as there are, with the exception mentioned, they follow the common law rule. Thus in *Bloomer v. State*, 3 Sneed (Tenn.) 66, a leading case on the question, the defendant was indicted for assaulting one Minor, the charge being that the defendant at a certain time and place, "did unlawfully make an assault upon the body of one John Minor" and "other wrongs to the said Minor then and there did," etc. It was contended by the defendant that the offense was not sufficiently described, as the indictment did not set out the particular acts constituting the offense, but the state insisted that the words "did unlawfully make an assault upon . . . Minor, *ex vi termini*, meant that the defendant made an attempt or offer to do violence to the person of Minor, coupled with a present ability to do so," and the court so held.

The same question was presented in *Roberson v. State*, 15 Tex. App. 317. Discussing it the court said:

"It is true that the simple allegation that the defendant 'did make an assault' is merely an allegation of a conclusion of law, and ordinarily would be insufficient, the general rule being that an indictment, to be sufficient, must allege the acts or omissions which constitute the offense. . . . But this form of indictment has always been held good at common law, and in our own state, for the offense of an assault, and at the time of the adoption of our several state constitutions was recognized and known as a valid indictment, and must therefore be considered as such within the meaning of the constitution and the provisions of the code of criminal procedure. Were the question as to the sufficiency of such an indictment an

open one, we might hesitate to hold that it was sufficient. It seems to the writer that to so hold would be inconsistent with the general rule applicable to indictments—that the facts constituting the offense must be alleged, and not conclusions of law. But the question is too well settled to be now inquired into, and we therefore hold that there was no error in overruling the defendant's exceptions to the information."

In *State v. Rigg*, 10 Nev. 284, the charge was in the following language:

"The said Peter Rigg, on the 13th day of December, A. D. 1874, or thereabouts, at the town of Winnemucca, in the county of Humboldt, State of Nevada, and before the finding of this indictment, without authority of law and with malice aforethought, did feloniously assault one George Wallace with a deadly weapon, to wit, a knife, in the hand of said Peter Rigg, then and there held, with the felonious intent then and there to kill the said George Wallace, against the peace," etc.

To this it was objected, among other things, that it failed to charge the defendant with a present ability to kill or inflict injury, but the court held the objection to be without merit. The grounds for the holding are not stated, but it could have been on no other ground than the one that the term "assault" includes the idea of present ability to commit it.

In *State v. Burt*, 25 Vt. 373, the indictment was in the following language:

"That Alanson Burt, &c., of, &c., on the second day of January, A. D. 1852, with force and arms, at Newbury aforesaid, in and upon one Andrew Renfrew, then and there being, constable and collector for the town of Newbury aforesaid, under the authority of this state, and in the execution of his said office, then and there also being, an assault did make, and him the said Andrew Renfrew, so being constable and collector as aforesaid, and in the execution of his said office, did impede and hinder in the execution of his said office, contrary to the form, force and effect of the statute, in such case made and provided, and against the peace and dignity of the state."

On demurrer as to its sufficiency the court held the indictment bad as to the statutory crime of hindering and impeding an officer in the performance of his duty, but good as a charge of simple assault.  Passing upon the case, the court made use of this language:

"The count in this indictment differs in but two particulars, in its legal effect, so far as I have noticed, from the first count in the indictment, in the case of *State v. Downer et al.* [8 Vt. 424, 30 Am. Dec. 482], which was held good. 1.  It does not allege a battery, and that did.  2.  This count concludes against the statute, and that did not.  But neither of these particulars affect the legal force of the count. If the count would be good, with the addition of the battery, it is equally good for the assault now."

Other cases to the same effect are the following:  *Greenwood v. State*, 35 Tex. 587; *Browning v. State*, 2 Tex. App. 47; *Murdock v. State*, 65 Ala. 520; *State v. Boyer*, 70 Mo. App. 156.

Forms in common use elsewhere in the United States, where the assault is charged in connection with an attempt or an intent, will be found in Bishop's Forms, and need no specific reference here.  In them it will be found that no other words to charge the assault are used than the words of the common law indictment, namely, "did make an assault."

Our own decisions have heretofore all been in line with the common law rule.  While the precise question seems not to have been decided, abundant precedent can be found for the common law method of charging an assault where the assault is coupled with some other element of crime, such as assault and battery, assault with intent to commit murder, assault with intent to commit rape, assault with intent to do great bodily harm, etc.  In each of these cases it has always been deemed sufficient to charge the assault in the common law form.  Thus in *State v. Largent*, 9 Wash. 691, 38 Pac. 751, where the charge was an assault with an intent to commit murder, no other words were used to define the assault than the words "did make an assault."  This case is interest-

ing for another reason.   An examination of the briefs of
counsel will show that it was urged in that case that the
common law form of charging an assault was not sufficient
under our statute, but that the allegation should follow
the definition of the offense and charge that the defendant
in a rude, insolent, and angry manner committed the assault,
and that he had the present ability to carry it into execu-
tion, but the court ignored this contention, and sent the case
back for a new trial on the information as it then stood.   To
the same purport are the following cases:   *State v. Regan,*
8 Wash. 506, 36 Pac. 472; *State v. Ackles,* 8 Wash. 462, 36
Pac. 597; *State v. Clayborne,* 14 Wash. 622, 45 Pac. 303;
*State v. McCormick,* 20 Wash. 94, 54 Pac. 764; *State v.
Michel,* 20 Wash. 162, 54 Pac. 995; *State v. John Port
Townsend,* 7 Wash. 462, 35 Pac. 367; *State v. Elswood,*
15 Wash. 453, 46 Pac. 727; *State v. Priest,* 32 Wash. 74,
72 Pac. 1024; *State v. Adams,* 41 Wash. 552, 83 Pac. 1108.
And in the case cited in the majority opinion from this court,
it is expressly stated that it is not necessary, in an informa-
tion charging an assault with intent to commit robbery, to
follow the statute and allege that the assault was made in a
rude, insolent and angry manner, and that the defendant
had the present ability to carry such attempt into execution.

It may be objected to these cases that the words charging
the added element in some way support the lack of aver-
ment in the part charging assault, but I am unable to see
how this can be so.   Since the assault is a separate and prin-
cipal element of the offense, logically it should be charged
with all the particularity of a distinct offense, and I opine
that if this form of charging an assault had not been suffi-
cient at the common law, the courts would hold it insuffi-
cient when charging an assault coupled with an attempt or
intent to do some further criminal act.   I say that this is
the logic of the situation, for otherwise there could be no
conviction of a simple assault on a charge of assault and
battery, or assault with intent, etc., if the proofs of the

battery or other element failed; this for the reason that if the allegation concerning the battery or other element aid the allegation concerning the assault, the only way to prove the assault would be to prove the battery or other element, and if these proofs failed the whole case must fail.

It may be objected also that the omission to charge the assault to have been "unlawfully" committed is fatal to the complaint in this state, since our statute uses that word in connection with the offense. But it will be noticed that the word is used as a part of the definition of the offense. An assault is an attempt "unlawfully to touch," etc., hence, when it is charged that a person made an assault upon another, it is charged that he did all those acts necessary to constitute an assault. Had the statute made it an offense unlawfully to assault another, the rule might be different, but such is not the statute. Nor is the offense, as defined by statute, so radically different from the common law definition of an assault as to require a different form of alleging the offense. It is not radically different. It is but one of the accepted common law definitions. At the time of the adoption of the code there were a variety of definitions of this offense contained in the reports of cases, and in the works of the law writers, and the code definition was in the interest of definiteness, to make certain that which might otherwise be left uncertain.

The objection made by the majority that the phrase "did make an assault," is the conclusion of the pleader and not the allegation of a fact, is sufficiently answered by the quotation from *Roberson v. State, supra,* and the section cited from Bishop's Criminal Procedure. As Mr. Bishop remarks, if the question were new it might be doubted with some show of reason whether this phrase alone would be adequate, but it is justified by its immemorial use.

The only cases which support the majority opinion are cases from the courts of Indiana. The courts of that state do hold that it is not sufficient to charge an assault in the

form used at common law, but that it must be charged in the words of the statute or in words of similar import. In that state there are no common law offenses, and this rule of pleading is applied in all cases where the assault constitutes an element of the offenses. While the exact words of the statute need not be employed (*Sloan v. State*, 42 Ind. 570; *Knight v. State*, 84 Ind. 73), it is uniformly held that an indictment or information for an assault and battery, or an assault with intent to commit murder, robbery, rape, or bodily injury, must charge, in order to be sufficient, that the assault was committed in a rude, insolent or angry manner, and that the defendant had the present ability to commit the offense, or in words having a similar meaning. *State v. Smith*, 74 Ind. 557; *Adell v. State*, 34 Ind. 543; *State v. Hubbs*, 58 Ind. 415; *Howard v. State*, 67 Ind. 401; *Cranor v. State*, 39 Ind. 64.

Illustrative cases are *Adell v. State*, and *Howard v. State*, *supra*. In the former case the indictment was as follows:

"The grand jurors for the county of Fulton, upon their oath, present that John B. Adell, on the 2d day of March, 1870, at the county of Fulton and state of Indiana, did then and there feloniously, purposely, and unlawfully, make and perpetrate an assault in and upon one Mary Edgington, a woman, with felonious intent to then and there forcibly ravish and have carnal knowledge of said Mary Edgington, against her will, against the peace and dignity of the State of Indiana, and contrary to the form of the statute in such case made and provided."

Commenting thereon the court said:

"In every indictment for an aggravated assault or assault and battery, it is necessary to charge, in the appropriate terms, the minor offense, and then allege the particular felony which the accused intended to commit. If the minor offense is not properly charged, there is no foundation for an allegation of an intent to commit the higher crime. Is it enough for the pleader to say, as in this case, that the defendant did make and perpetrate an assault? Would it do to allege that the accused party did make and perpe-

trate an assault and battery upon a designated person?
Must not the pleader set forth the facts which show the
accused is guilty of the imputed offense according to its
legal definition? It may be that indictments similar in
form to this may have been in use in this state prior to the
enactment of the statute defining an assault. But since
the legislature has furnished a definition of an assault, and
thus placed it in the same category with other defined of-
fenses, we must apply, in prosecutions for that offense, the
same rule which is applied to prosecutions for other offenses;
that is, that the offense must be described according to its
statutory definition, by stating all the facts necessary to
show that the act is in violation of the statute."

In the second case the indictment charged that the defend-
ant did "wilfully purposely, feloniously and of his malice
aforethought, make an assault on one Michael Burns, and
then and there with a pistol, commonly called a revolver,
which he had and held in his hands, and said pistol or re-
volver as aforesaid was loaded with gunpowder and a leaden
ball, did then and there wilfully, feloniously, purposely, and
of his malice aforethought, shoot off said pistol or revolver
at and against the said Michael Burns, with intent, then
and there and thereby, him, the said Michael Burns, pur-
posely, wilfully, feloniously, and of his malice aforethought
to kill and murder," etc. It was held that this indictment was
insufficient because it neither stated facts sufficient to con-
stitute an assault or an assault and battery; that it did
not charge an assault because it did not contain a charge of
present ability to commit the violent injury, and did not
charge an assault and battery because there was no charge
that the assault and battery had been perpetrated in a rude,
insolent and angry manner; in other words, the indictment
was held bad because the pleader had not set out in his
indictment the acts defined by statute as constituting these
offenses. That these indictments would be held sufficient
under our practice can hardly be questioned. I think, more-
over, they would be held sufficient at the common law, and in
every state of the Union outside of Indiana. Yet, notwith-

standing this, the decisions cannot be said to be illogical. If the Indiana manner of charging a simple assault or an assault and battery be sound, clearly it is necessary that the manner be pursued wherever these elements form a constituent part of the offense sought to be charged. This would mean in our state an entire reversal of our system of criminal pleadings, as none of the indictments or informations set out in the cases I have cited from this court would be sufficient.

It may be that the majority do not intend to follow Indiana to the full extent, but if this be so, I ask why follow that state at all? Why not adhere to the common law system so long in vogue? Under this system the pleader follows along a well trodden path, the way is certain and sure, and one needs but take a glance at the Indiana cases on this question to foresee the chaos that will be introduced by a departure from it.

In my opinion the judgment should be affirmed.