[No. 10235.   Department One.   August 20, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN A. HAMILTON, *Appellant*.[1]

INDICTMENT AND INFORMATION—CONVICTION OF LESSER OFFENSE— ASSAULT AND BATTERY. Under the rule that at common law an indictment for assault and battery need not set out the particular acts of violence constituting the offense, a conviction for assault in the third degree (defined by Rem. & Bal. Code, § 2415, as an assault or assault and battery not amounting to the first or second degree) may be had under an information for manslaughter charging an assault upon a pregnant woman and her unborn child with intent to cause a miscarriage and resulting in her death, where, omitting that portion relating to the death, it satisfies all requirements of a charge of assault and battery.

[1]Reported in 125 Pac. 950.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered October 17, 1911, upon a trial and conviction of assault and battery. Affirmed.

*Dunphy, Evans & Garrecht*, for appellant.

*Everett J. Smith*, for respondent.

PARKER, J.—The plaintiff was charged, by information filed in the superior court for Walla Walla county, with the crime of manslaughter, as follows:

"On the 26th day of August, 1911, at and within the county aforesaid, in and upon one Della Reams, then and there being, the said John A. Hamilton and Alice J. Prather did commit an assault, she, the said Della Reams, being then and there a woman pregnant with a quick child, and upon her, the said Della Reams, did then and there use and employ, and caused to be used and employed, certain instruments and other means, the names, kinds and descriptions of which are to this informant unknown, with intent then and there to cause the miscarriage of her, the said Della Reams, so pregnant as aforesaid, such miscarriage not being then and there necessary to preserve the life of her, the said Della Reams, and, with the instruments and other means by them, the said John A. Hamilton and Alice J. Prather, so used and employed with the intent aforesaid, did then and there inflict upon her, the said Della Reams, and upon the said quick child of which she was then and there pregnant as aforesaid, divers wounds, punctures and other mortal injuries, and did then and there and thereby produce the death of her, the said Della Reams, and of the said quick child, and did then and there and thereby commit the said crime of manslaughter."

Upon the trial, the jury found the defendant Hamilton guilty of assault in the third degree. Thereupon the court adjudged that he pay a fine of $150 and costs of prosecution. From this judgment he has appealed.

The principal and only contention made by counsel for appellant which we deem necessary to notice is, that a conviction cannot be lawfully had for assault in the third degree under this information, because such crime is not included within the crime of manslaughter as therein charged. The

question then is reduced to this, does the language of this information charge the crime of assault in the third degree as well as the crime of manslaughter? It of course cannot be seriously contended but that such a crime may be included in the crime of manslaughter. Under the new criminal code of 1909, there is no statutory definition of the crime of assault, nor of assault and battery, which constitutes the misdemeanor of assault in the third degree. Assaults in the first and second degrees are distinguished from assault in the third degree, in that the former are committed with a felonious intent. Rem. & Bal. Code, §§ 2413, 2414, 2415.

The latter section defines assault in the third degree as follows:

"Every person who shall commit an assault or an assault or battery not amounting to assault in either the first or second degrees, shall be guilty of assault in the third degree, and shall be punished as for a gross misdemeanor."

Since the meaning of the words "assault" and "assault and battery" are not defined by statute, we must resort to their common law meaning. Now the authorities seem to be uniform in holding that in charging assault or assault and battery, when those words are used only in their common law meaning, an indictment or information need not set out the particular acts of violence which constituted the assault or assault and battery. 2 Bishop, Directions and Forms, § 201; 1 McClain, Criminal Law, § 252.

The argument of counsel for appellant seems to proceed upon the theory that this information is defective as charging assault or assault and battery, in that it fails to sufficiently charge the facts other than the mere facts of assault and assault and battery which it is argued are mere conclusions. Assuming that these general facts only are charged, the only decision of this court which may seem to support this view is that in the case of *State v. Heath,* 57 Wash. 246, 106 Pac. 756. But an examination of that decision will show that the court was dealing with the old statute defining assault

and assault and battery, Rem. & Bal. Code, § 2746; Bal. Code, § 7055. That statute however was expressly repealed by the new criminal code, Laws of 1909, p. 906, when Rem. & Bal. Code, §§ 2413, 2414, and 2415 were enacted, leaving the words assault and assault and battery without any statutory definition. Judge Fullerton's dissenting opinion in that case would no doubt have been adopted as the views of the majority had there been no statutory definition of the crime of assault under the old law then under consideration. The authorities collected in his dissenting opinion clearly show that at common law it is only necessary to charge that the defendant did make an assault, etc., without stating the acts of violence committed, and it is only because of the statutory definition of the term under the old statute that it became necessary to charge more. This difference is noticed in 2 Bishop, Directions and Forms (2d ed.) §§ 204, 205; and in 1 McClain, Criminal Law, § 252. Omitting from this information that portion which has reference to the death of Della Reams, it clearly satisfies all requirements of a charge of assault and assault and battery. We conclude that the information was sufficient in that respect, and that a conviction thereunder for assault in the third degree as now defined by statute can be lawfully had. Our decision in *State v. Copeland*, 66 Wash. 243, 119 Pac. 607, is in harmony with this view.

Some contentions are made upon the introduction of evidence, but they rest upon the sufficiency of the information as charging assault and assault and battery, and therefore do not require further discussion. The judgment is affirmed.

Gose, Crow, Ellis, and Chadwick, JJ., concur.