[No. 24288-1-I. Division One. April 8, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. DARVIL DAVIS, *Appellant.*

*Andrew Zinner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeffrey Smith* and *Theresa L. Fricke, Deputies,* for respondent.

WEBSTER, J.—Davil[1] Davis appeals his convictions of second and fourth degree assault. He asserts that: (1) the information charging him with fourth degree assault should be dismissed because it failed to allege the essential elements of the crime, and (2) the second degree assault conviction should be reversed because the trial court erred in giving an aggressor instruction. We affirm.

## FACTS

The facts pertaining to the charge of fourth degree assault are as follows: On August 8, 1988, Davis and his girl friend, Darlynn, were entertaining four guests at their apartment. Darlynn became drunk and started arguing with Davis. She left to go on a walk with her friend, Sonya. They returned and Darlynn resumed her argument with Davis while Sonya went for a walk with someone else. Davis slapped Darlynn on the face. He testified he did this "to calm her down." Davis then asked the remaining guests to leave. When Sonya later returned to Davis's apartment, she found Darlynn crying.

Davis was charged with fourth degree assault for slapping his girl friend. The charge against Davis alleged:

> That the defendant Darvil [sic] Davis, in King County, Washington, on or about August 1, 1988, did assault Darlynn Ferguson;
> Contrary to RCW 9A.36.041, and against the peace and dignity of the state of Washington.

At no time did Davis's attorney make a motion to dismiss the fourth degree assault charge or request a bill of particulars. The jury convicted Davis of fourth degree assault.

Davis was also charged with two counts of second degree assault with a deadly weapon, a knife. Davis claimed that the stabbings occurred in self–defense. The State proposed

---

[1] Although charged as Darvil Davis, the defendant states his name to be Davil Davis.

an aggressor instruction and Davis's attorney made no objection to the instruction.[2] The jury convicted Davis on the first count of second degree assault and acquitted him on the second count.

## DISCUSSION

The first issue is whether the fourth degree assault charge is defective, either because the information failed to allege the element of intent, or because it did not notify the defendant of the manner in which he allegedly committed the assault. As a preliminary matter, we find that this claimed error is of constitutional magnitude and thus reviewable for the first time on appeal. *See* RAP 2.5(a)(3); *State v. Scott*, 110 Wn.2d 682, 687, 757 P.2d 492 (1988); *State v. Leach*, 113 Wn.2d 679, 690, 691, 782 P.2d 552 (1989).[3]

▮▮ Davis contends that the State's failure to allege the element of intent in the charging document renders the fourth degree assault charge defective. The general rule is that an information sufficiently charges a crime if it apprises accused persons with reasonable certainty of the nature of the accusation, so that they can prepare a proper defense and plead the judgment as a bar to any subsequent prosecution for the same offense. *Leach*, at 695; *State v. Grant*, 89 Wn.2d 678, 686, 575 P.2d 210 (1978); *State v. Royse*, 66 Wn.2d 552, 557, 403 P.2d 838 (1965). Washington

---

[2] Because of our decision not to reach the issue whether the aggressor instruction was proper, facts relevant to that issue are not presented. *See infra.*

[3] Our appellate courts have on two occasions applied a stricter standard of review when an information is challenged for the first time on appeal. *State v. Smith*, 49 Wn. App. 596, 598, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988); *State v. Strong*, 56 Wn. App. 715, 717, 785 P.2d 464, *review denied*, 114 Wn.2d 1022 (1990). *But cf. State v. Sly*, 58 Wn. App. 740, 745–46, 794 P.2d 1316 (1990) (declining to apply the stricter standard of review). Under the stricter test, an information "is immune from attack unless so obviously defective as not to charge the offense by any reasonable construction." *Smith*, at 598. In *State v. Leach*, 113 Wn.2d at 687, the majority opinion made no reference to the stricter standard; however, Justice Brachtenbach suggested adopting it in his concurring opinion. *Leach*, at 700–01 (Brachtenbach, J., concurring).

courts have consistently held that a charging document that fails to apprise the defendant of all of the *statutory* elements of the crime is constitutionally defective. *Leach,* at 686–89; *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985); *State v. Unosawa,* 29 Wn.2d 578, 585–89, 188 P.2d 104 (1948); *Leonard v. Territory,* 2 Wash. Terr. 381, 389–94, 7 P. 872 (1885); *State v. Hopper,* 58 Wn. App. 210, 792 P.2d 171, *review granted,* 115 Wn.2d 1027 (1990). The logic behind this rule is that an information that does not contain the crime's essential statutory elements does not state a crime. *Leach,* at 686; *Holt,* at 320–21. The State is not required to use the exact words of the statute if it uses other words which "equivalently or more extensively signify the words in the statute." *Leach,* at 686; *see* RCW 10.37-.160. Moreover, the charging document need not "*list* every element of a crime. Rather, [it] must allege sufficient *facts* to support every element of the crime charged." *Leach,* at 688.

In *Leach,* the Washington Supreme Court held that, in addition to apprising the defendant of all of the crime's *statutory* elements, the charging document must apprise the defendant of all of the crime's "essential elements," regardless of whether those elements are mentioned in the text of the statute. *Leach,* at 689. The *Leach* court acknowledged that, in certain circumstances, following the statutory language may not define a crime sufficiently for the accused to prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense. *Leach,* at 688–89. Such circumstances, however, have been rare.[4] We do not interpret *Leach* as requiring the State to

---

[4]In *State v. Carey,* 4 Wash. 424, 432–33, 30 P. 729 (1892), the information charged the defendant with practicing medicine without a license. Although the charge followed the language of the statute, it did not "charge the defendant with the commission of the acts constituting the crime, [*i.e.,*] the signing of the letters M.D. or M.B. to his name, or prescribing for a fee." *Carey,* at 432. In *Carey,* the court could have held instead that the statute was void for vagueness. *See also State v. Hall,* 54 Wash. 142, 102 P. 888 (1909) (information charging the defendant with robbery held defective for failing to state court–implied requirement that the victim had control and dominion over the property taken); *State v. Spadoni,*

inform the defendant of a crime's court–implied elements in the information, so long as the information follows the language of the statute and apprises "a person of common understanding"[5] of the nature of the crime so that the defendant can properly prepare a defense and plead the judgment as a bar to double jeopardy.[6] *See State v. Sims,* 59 Wn. App. 127, 129, 796 P.2d 434 (1990) (citing *Leach,* at

---

137 Wash. 684, 243 P. 854 (1926) (failure to allege court–implied element that victim died within 1 year rendered murder charge defective) (discussed in *State v. Strong,* 56 Wn. App. at 721–23 (Petrich, J., dissenting)). These cases addressed problems in early statutory codification of common law crimes and preceded legal developments such as discovery and an indigent's right to state–appointed counsel. *See Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963).

[5]*See* RCW 10.37.052.

[6]In *Leach,* the Washington Supreme Court stated:
 It may be concluded from these authorities that the "essential elements" rule requires that a charging document *allege facts supporting every element of the offense,* in addition to adequately identifying the crime charged. This is not quite the same as a requirement to "state every *statutory element* of" the crime charged, as suggested in *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985).
*Leach,* 113 Wn.2d at 689. We believe that the *Leach* court intended the "essential elements" rule to apply only to *statutory* elements of a crime. However, Black's Law Dictionary 467 (5th ed. 1979) defines "elements of crime" as "[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction." Thus, use of the phrase "every element of the offense" suggests that the "essential elements" rule extends to court–implied elements.
 Under the case law preceding the *Leach* decision, the State was not required to make allegations supporting every court–implied element of the crime charged. Rather, an information was sufficient if it contained all of the statutory elements, and apprised the accused with reasonable certainty of the crime charged so that he could defend against the charges and plead the judgment as a bar to subsequent prosecutions for the same offense. *Grant,* 89 Wn.2d at 686; *Smith,* 49 Wn. App. at 598. We do not believe the Washington Supreme Court intended to change this rule. The *Leach* court set forth the essential elements rule as a conclusion based on cases in which the court considered whether the information supported the *statutory* elements of the crime charged, and on cases stating the proposition that a statute may not "*define* a charge sufficiently to apprise an accused with reasonable certainty of the nature of the accusation". *Leach,* at 688. None of the cases cited in *Leach* mandate the conclusion that an information must necessarily inform the defendant of all of a crime's court–implied elements.

686); *State v. Strong,* 56 Wn. App. 715, 717–18, 785 P.2d 464, *review denied,* 114 Wn.2d 1022 (1990); *State v. Smith,* 49 Wn. App. 596, 598, 744 P.2d 1096 (1987), *review denied,* 110 Wn.2d 1007 (1988). To the extent that other decisions issued by the Court of Appeals conflict with our interpretation, we decline to follow them. *State v. Robinson,* 58 Wn. App. 599, 605–06, 794 P.2d 1293 (1990) (dismissing fourth degree assault charge because the citation did not mention the element of intent), *review denied,* 116 Wn.2d 1003 (1991); *see Nieblas–Duarte,* 55 Wn. App. 376, 380, 777 P.2d 583 (implying that information must allege a crime's court–implied elements), *review denied,* 113 Wn.2d 1030 (1989).

Even if *Leach* requires the information to apprise the defendant of a crime's court–implied elements, a crime's court–implied mens rea element need not be *explicitly alleged. See State v. Sly,* 58 Wn. App. 740, 746, 794 P.2d 1316 (1990). An information that includes all of a crime's statutory elements is generally sufficient to apprise the defendant of any implied mens rea element. *See State v. Bonds,* 98 Wn.2d 1, 16–17, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983); *State v. Bower,* 28 Wn. App. 704, 707 n.2, 626 P.2d 39 (1981); *Smith,* at 599. As a practical matter, the mens rea element is generally established only by circumstantial evidence; thus, facts sufficiently alleging the prohibited conduct are sufficient to support the intent element. In two recent decisions, this court addressed the sufficiency of a robbery charge, which included all of the statutory elements of the crime, but did not allege the common law element of intent to deprive the victim of the victim's property. *Strong; Sly.* In both decisions, the court held that the facts reciting the statutory language supported the element of intent and apprised the defendant with reasonable certainty of the crime charged. *Strong,* at 719; *Sly,* at 747.

In the instant case, Davis was charged under RCW 9A.36.041, which states:

(1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

(2) Assault in the fourth degree is a gross misdemeanor.

The information charged that "the defendant Darvil Davis . . . did assault Darlynn Ferguson . . . [c]ontrary to RCW 9A.36.041." The information thus included all of the *statutory* elements of fourth degree assault. Davis correctly points out that assault in the fourth degree is simple assault at common law and requires proof of intent. *State v. Sample,* 52 Wn. App. 52, 757 P.2d 539 (1988); *State v. Jones,* 34 Wn. App. 848, 664 P.2d 12 (1983). Omitting the allegation that Davis intended to commit the assault did not impair his ability to prepare a defense or to plead the judgment as a bar to subsequent prosecutions for the same offense. Moreover, "assault" is a term of common understanding. *See State v. Pawling,* 23 Wn. App. 226, 233, 597 P.2d 1367 (1979). If the meaning of assault can fairly be imputed to lay persons, then the mens rea element inherent in the meaning of assault is also evident to lay persons. We note that Davis is not claiming that exclusion of the intent element from the charging document prejudiced him, or that he was not apprised of the crime charged. Thus, the information also apprised Davis of the court–implied elements of fourth degree assault.

Davis next argues that the State failed to apprise him of the essential elements of fourth degree assault because it did not describe the *manner* in which the assault allegedly occurred. Davis relies on *State v. Bray,* 52 Wn. App. 30, 756 P.2d 1332 (1988), in which the court stated: "*The manner of committing a crime is an element* and the defendant must be informed of this element in the information in order to prepare a proper defense." (Italics ours.) *Bray,* at 34. The rule stated in *Bray,* however, cannot be separated from its context. In *Bray,* the issue was whether the defendant could be tried under alternative *statutory* provisions defining the same crime, when the defendant had been charged under only one of the alternatives. *Bray,* at

34. The court concluded, "[w]hen a *statute* provides that a crime may be committed in alternative ways or by alternative means, the information may charge one or all of the alternatives, provided the alternatives are not repugnant to one another." (Italics ours.) *Bray,* at 34. Thus, *Bray* stands for the proposition that the defendant cannot be tried under an uncharged statutory alternative.[7] *Bray,* at 34.

 Davis correctly points out that fourth degree assault is not defined by statute and can be committed in three different ways: (1) intending to inflict bodily injury on another, accompanied with the apparent present ability to do so, (2) intentionally creating in another person reasonable apprehension and fear of bodily injury, and (3) intentionally committing an unlawful touching, regardless whether physical harm results. *See* WPIC 35.50. Nevertheless, the various manners in which an assault may be committed do not comprise "essential elements" of the offense of fourth degree assault. *See Seattle v. McKinney,* 58 Wn. App. 607, 609–10, 794 P.2d 1309 (1990) (citing *Leach,* at 696). Although the charge of fourth degree assault may well have been vague, failing to state the manner in which the assault allegedly occurred did not render the charge defective. As the court stated in *Leach,*

> [A] charging document which states the statutory elements of a crime, but is vague as to some other significant matter, may be corrected under a bill of particulars. A defendant may not challenge a charging document for "vagueness" on appeal if no bill of particulars was requested at trial.

*Leach,* at 687. Because Davis did not seek to have the information made more definite by a bill of particulars in the trial court, he cannot challenge the information for

---

[7]Davis also relies on a turn-of-the-century case to support his proposition that the information must allege the manner in which the assault was committed. *See State v. Heath,* 57 Wash. 246, 106 P. 756 (1910). In *Heath,* however, the court dismissed the assault charge because the charge did not sufficiently allege the *statutory* particulars of the crime. In *State v. Hamilton,* 69 Wash. 561, 125 P. 950 (1912), the court distinguished *Heath,* holding that a charge of assault, when defined by common law rather than by statute, need not state the particular acts of violence constituting the assault. *Hamilton,* at 563.

vagueness on appeal. We conclude that no constitutional defect results from either failing to explicitly include the element of intent in the fourth degree assault charge or failing to state the manner in which the assault allegedly occurred.

Regarding the second degree assault conviction, the issue is whether this court must review Davis's claim that the trial court erred in giving an aggressor instruction, when Davis's counsel made no objection to the instruction at trial. In *State v. Scott,* 110 Wn.2d 682, 757 P.2d 492 (1988), the Washington Supreme Court set forth a 2–part test for determining whether it will review alleged constitutional errors asserted for the first time on appeal:

> First, the appellate court should satisfy itself that the error is truly of constitutional magnitude—that is what is meant by "manifest". If the asserted error is not a constitutional error, the court may refuse review on that ground. If the claim is constitutional, then the court should examine the effect the error had on the defendant's trial according to the harmless error standard set forth in *Chapman v. California,* [386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967)].

(Footnote omitted.) *Scott,* at 688. *See* RAP 2.5(a); *State v. Tarica,* 59 Wn. App. 368, 372, 798 P.2d 296 (1990). If the court is satisfied that the error was harmless under *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967), it need not review the claimed error further.

■ Davis contends that submitting the aggressor instruction to the jury was an error of constitutional magnitude because it resulted from ineffective assistance of counsel.[8] We note that Davis raises ineffective assistance of counsel only in support of his claim that the trial court erred in giving an aggressor instruction. Independent claims of ineffective assistance of counsel are of constitutional magnitude and, by their nature, may be reviewed for the

---

[8]Davis also contends that the instruction amounted to an "unconstitutional comment on the evidence." We find this argument without merit. Davis has presented no facts to support his claim apart from the court's decision to give the aggressor instruction.

823

first time on appeal. However, instructional errors that do not directly implicate a constitutional right may not be transformed into errors of constitutional magnitude by claiming that they resulted from ineffective assistance of counsel. We conclude Davis's claim that the trial court erred in giving the aggressor instruction was not of constitutional magnitude. Because the claimed error was not raised below, we decline to review it on appeal.

The judgment is affirmed.

BAKER, J., concurs.

WINSOR, J.*—I dissent. This court held in *State v. Nieblas–Duarte*, 55 Wn. App. 376, 777 P.2d 583, *review denied*, 113 Wn.2d 1030 (1989) that an information must contain both the statutory and case law essential elements of a crime. As the majority acknowledges, intent is an essential element of assault in the fourth degree. *State v. Sample*, 52 Wn. App. 52, 757 P.2d 539 (1988), cited by the majority at page 820. A similar issue arose in *State v. Strong*, 56 Wn. App. 715, 785 P.2d 464, *review denied*, 114 Wn.2d 1022 (1990). I agree entirely with Judge Petrich's dissent in *Strong*. I would reverse.

After modification, further reconsideration denied May 20, 1991.

*Judge Robert W. Winsor was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).