**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mariano TERRAZAS–ESCOBEDO,**
**Defendant–Appellant.**

No. 02–30418.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 13, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Mariano Terrazas–Escobedo appeals the district court's imposition of a sixteen-point sentencing enhancement, arguing that his past conviction for assault in violation of a no-contact order under Washington law does not constitute a crime of

violence. We review de novo the district court's decision to use a prior conviction for sentencing purposes. *See United States v. Trinidad–Aquino,* 259 F.3d 1140, 1142 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in awarding the sixteen-point enhancement because the offense of assault under Washington law is a crime of violence. The information, judgment order, and Terrazas–Escobedo's signed plea agreement reveal that Terrazas–Escobedo's past conviction was for assault in violation of a no-contact order, which is a criminal offense under RCW § 26.50.110(4). *See United States v. Franklin,* 235 F.3d 1165, 1170 n. 5 (9th Cir.2000) (observing that a court can look to charging papers in conjunction with a judgment of conviction or a signed plea agreement to determine the nature of the defendant's offense conduct). Under Washington law, a defendant can commit assault by "(1) intending to inflict bodily injury on another ... (2) intentionally creating in another person reasonable apprehension and fear of bodily injury, and (3) intentionally committing an unlawful touching, regardless of whether physical harm results." *State v. Davis,* 60 Wash. App. 813, 808 P.2d 167, 172 (Wash.App. 1991). Even though there is no requirement under Washington law that the victim actually suffer a physical injury, all three of these methods of committing assault have as an element "the use, attempted use, or threatened use of physical force against the person of another" and therefore Terrazas–Escobedo's assault conviction qualifies as a crime of violence. *See* U.S.S.G. § 2L1.2 application note (1)(B)(ii) (defining "crime of violence"); *see also United States v. Ceron–Sanchez,* 222

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1169, 1172 (9th Cir.2000) (holding that "[k]nowingly touching another person with the intent to injure, insult or provoke such person" requires the use of physical force).

Terrazas–Escobedo's argument that the sentence should be overturned because the district court improperly considered statements in the defendant's presentence investigation report (PSR) is without merit. Even if the district court erred by taking into account the PSR to determine the factual basis for Terrazas–Escobedo's past conviction, the other documents that the district court did properly consider, and the use of which Terrazas–Escobedo does not challenge, confirm that he pled guilty to assault. Because all forms of assault criminalized by the State of Washington qualify as crimes of violence, the district court's imposition of a sixteen-point enhancement was proper regardless of whether it considered information contained in Terrazas–Escobedo's PSR.

Finally, we reject Terrazas–Escobedo's argument that his sentence violates the rule laid out by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because, as he admits, the argument is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (2000).

**AFFIRMED.**