**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46250-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| TIMOTHY J. ROHN, | |
| Appellant. | |

BJORGEN, C.J. — A jury returned verdicts finding Timothy Rohn guilty of third degree assault and fourth degree assault.  Rohn appeals his fourth degree assault conviction, asserting that the State failed to present sufficient evidence in support of the conviction.  We affirm.

FACTS

On October 14, 2012, Fredrick Brown and Eugenia Wilson were working as psychiatric security attendants at Western State Hospital (WSH), where Rohn was a patient.  On that date, Brown and Wilson were escorting a group of patients from church services back to their wards. As the group entered a stairwell, Rohn pushed open the stairwell door and struck Brown on the back with a pillowcase containing several batteries.  Rohn continued to swing the pillowcase at Brown as Brown attempted to avoid his swings.

Wilson came to Brown's aid and attempted to push Rohn against a wall.  Wilson was then struck in the chest by Rohn's backswing, while Rohn was attempting to hit Brown.  Brown ran from the stairwell and, when Rohn followed after him, WSH staff were able to restrain Rohn. A few days after the incident, Rohn apologized to Wilson, stating, "[H]e was sorry that [Wilson] was there when it happened."  Report of Proceedings (RP) (Mar. 31, 2014) at 110.

On March 27, 2014, the State charged Rohn by second amended information with second degree assault for his conduct against Brown and with fourth degree assault for his conduct against Wilson. The matter proceeded to a jury trial. At trial, Brown and Wilson testified consistently with the facts as stated above. Additionally, Dr. Dangtuong Nguyen testified that he had examined Brown and saw some tenderness in the area where Brown reported being struck but did not see any bruises, bleeding, or open wounds.

The trial court provided the jury with a transferred intent instruction, which stated, "If a person acts with intent to assault another, but the act harms a third person, the actor is also deemed to have acted with intent to assault the third person." Clerk's Papers (CP) at 41. The trial court also instructed the jury on the lesser included offense of third degree assault for Rohn's alleged conduct against Brown. The jury left blank the verdict form for second degree assault, but found Rohn guilty of the lesser degree offense of third degree assault. The jury also found Rohn guilty of fourth degree assault. Rohn appeals his fourth degree assault conviction.

## ANALYSIS

Rohn contends that the State failed to present sufficient evidence to convict him of fourth degree assault against Wilson. We disagree.

Sufficient evidence exists to support a conviction if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). A defendant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences that can reasonably be drawn from that evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). When reviewing the sufficiency of the State's evidence, we consider circumstantial evidence and direct evidence as equally reliable. *State v. Delmarter*, 94 Wn.2d

2

634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992), *abrogated on other grounds by In re Pers. Restraint of Cross*, 180 Wn.2d 664, 327 P.3d 660 (2014).

To convict Rohn of fourth degree assault, the State had to prove beyond a reasonable doubt that he assaulted Wilson. RCW 9A.36.041. RCW 9A.36.041 does not define what constitutes an assault, but our case law has held that an assault may be committed in three ways:

> (1) intending to inflict bodily injury on another, accompanied with the apparent present ability to do so, (2) intentionally creating in another person reasonable apprehension and fear of bodily injury, and (3) intentionally committing an unlawful touching, regardless whether physical harm results.

*State v. Davis*, 60 Wn. App. 813, 821, 808 P.2d 167 (1991), *aff'd¸*119 Wn.2d 657 (1992). "[A] touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive." *State v. Garcia*, 20 Wn. App. 401, 403, 579 P.2d 1034 (1978). "A person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Rohn asserts that the State failed to present any evidence that he acted intentionally when striking Wilson, because the evidence showed only that he accidentally struck her with his backswing while trying to hit Brown. We disagree.

The jury was instructed that "[i]f a person acts with intent to assault another, but the act harms a third person, the actor is also deemed to have acted with intent to assault the third person." CP at 41. There was ample evidence at trial that Rohn acted intentionally when striking Brown with a pillowcase filled with batteries and, thus, such intent was transferred to Rohn's conduct in striking Wilson on her chest during his backswing.

3

Rohn argues that his intent to strike Brown could not have transferred to his conduct against Wilson, because the jury found him guilty of only the lesser degree offense of third degree assault, which required a finding of criminal negligence. Former RCW 9A.36.031(1)(d) (2011).[1] However, the jury's return of a guilty verdict on only the lesser degree offense of third degree assault for Rohn's conduct against Brown does not equate with a finding that the State failed to prove Rohn acted intentionally with respect to such conduct. The jury was instructed pursuant to RCW 9A.08.010(2)[2] that criminal negligence is established if "a person acts intentionally or knowingly or recklessly as to that result." CP at 46. Here, the jury could have determined from the evidence at trial that Rohn acted intentionally when striking Brown but could not unanimously agree that Brown suffered "substantial bodily harm" as a result, a required element to convict Rohn of second degree assault as charged here. CP at 16, 34; RCW 9A.04.110(4)(b);[3] RCW 9A.36.021(1)(a). Because the State presented sufficient evidence that Rohn acted intentionally when striking Brown and that Wilson was unlawfully touched as a result of such intentional striking, Rohn's sufficiency argument fails. Accordingly, we affirm his

---

[1] Former RCW 9A.36.031 provided in relevant part:
  (1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:
  . . . .
  (d) [w]ith criminal negligence, causes bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm.

[2] RCW 9A.08.010(2) provides in relevant part, "[w]hen a statute provides that criminal negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally, knowingly, or recklessly."

[3] RCW 9A.04.110(4)(b) defines "[s]ubstantial bodily harm" as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." The jury was instructed accordingly.

conviction of fourth degree assault.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

BJORGEN, C.J.

We concur:

Worswick, J.

WORSWICK, J.

Lee, J.

LEE, J.