IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 79117-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TIMOTHY MANNON GEISEN, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: March 30, 2020 |

HAZELRIGG, J. — Timothy M. Geisen was convicted as charged of bribery and misdemeanor driving under the influence after a jury trial. Geisen challenges the sufficiency of the charging document as to both counts for the first time on appeal as manifest constitutional error. He further argues that his counsel was ineffective based on failure to seek specific language in the voluntary intoxication instruction. We find that the charging document sufficiently put Geisen on notice as to the crimes alleged and his counsel was not ineffective. Accordingly, we affirm, but, based on the State's concession, remand for correction of the judgment and sentence to remove the interest accrual provision on legal financial obligations.

## FACTS

On the evening of June 19, 2018, Edmonds Police Officer Sierra Swartz noticed a pickup truck swerving as it drove in front of her, crossing the center line

a number of times. Swartz activated her emergency lights and pulled the truck over. The driver in the truck was Timothy Geisen. As Swartz approached, Geisen opened his door. During her contact with him, Swartz smelled a strong odor of alcohol on Geisen's breath and observed that he had bloodshot eyes and slurred speech.

Swartz asked Geisen how much he had been drinking, to which he replied a few beers. In an unsolicited statement, Geisen further admitted that he knew he should not be driving. He asked the officer if she was going to take him in and she responded by asking for his license, registration, and insurance. Geisen reached into his center console and pulled out two $100 bills and asked the officer, "[w]ill this take care of this?" Swartz replied that it wouldn't and continued asking for identification.

The officer then asked Geisen to perform standardized field sobriety tests (SFSTs) and he agreed. The horizontal gaze nystagmus and walk-and-turn tests were administered, but Geisen refused the one-leg stand due to complaints of back pain. Swartz placed Geisen under arrest based on probable cause developed via her observations and the SFSTs. A second officer, Samuel Gagner, searched Geisen incident to arrest and handed Swartz the inventory. Swartz counted $495 contained in a wallet—one of the items recovered from Geisen. As it was being counted by Swartz, Geisen stated "150 of that could have been yours if you would have let me go."

Geisen was charged with bribery and gross misdemeanor driving under the influence. After trial, a jury convicted Geisen on both counts. Geisen timely appealed.

ANALYSIS

I.    Sufficiency of the Charging Document

Geisen argues for the first time on appeal that the charging document failed to specify sufficient facts of both the charge of bribery and driving under the influence. Geisen did not present this argument at the trial court, but it is properly raised for the first time on appeal under RAP 2.5(a)(3) as manifest constitutional error. State v. Leach, 113 Wn.2d 679, 691, 782 P.2d 552 (1989) (abrogated on other grounds by State v. Pry, 194 Wn.2d 745, 452 P.3d 536 (2019)). Leach made clear that challenges to the sufficiency of the charging document implicate due process and thereby may be raised for the first time under RAP 2.5(A)(3). Id. Challenges to the sufficiency of the charging document are reviewed de novo. State v. Zillyette, 178 Wn.2d 153, 161-63, 307 P.3d 712 (2013).

In a criminal case, the accused has a constitutional right to know the charges against them. U. S. Const. amend. VI; Wash. Const. art. I § 22. The information is constitutionally sufficient "only if all the essential elements of a crime, statutory and nonstatutory, are included in the document." State v. Vangerpen, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). "[I]t is sufficient to charge in the language of a statute if the statute defines the offense with certainty." State v. Kjorsvik, 117 Wn.2d 93, 99, 812 P.2d 86 (1991) (emphasis omitted). "[D]efendants should not have to search for the rules or regulations they are accused of violating." Id. at 101.

If "a charging document is challenged for the first time on appeal, we construe it liberally." Pry, 194 Wn.2d at 752. The review for necessary facts is restrained to the four corners of the charging document. Id.

In the present case, the specificity requirements for a charging document were met as to both charges. The language in the information was as follows:

> Count 1: BRIBERY, committed as follows:
> That the defendant, on or about the 19th day of June, 2018, with corrupt intent to secure a particular result in a particular matter involving the exercise of a public servant's vote, opinion, judgment, exercise of discretion, and other action in his/her official capacity, did offer, confer, and agree to confer a pecuniary benefit upon, a public servant; proscribed by RCW 9A.68.010(1)(a), a felony.

> Count 2: DRIVING WHILE UNDER THE INFLUENCE OF
> INTOXICATING LIQUOR AND/OR ANY DRUG (DUI),
> committed as follows:
> That the defendant, in Snohomish County, Washington on or about the 19th day of June, 2018, did drive a vehicle, while the defendant was under the influence of or affected by intoxicating liquor, marijuana, or any drug; proscribed by RCW 46.61.502(5), a gross misdemeanor.

The charging document is sufficient as to both counts; the statements under each listed count include all essential elements of each of the named crimes.

As to the felony bribery charge in count one, RCW 9A.68.010(1)(a) reads:

> (1) A person is guilty of bribery if:
> (a) With the intent to secure a particular result in a particular matter involving the exercise of the public servant's vote, opinion, judgment, exercise of discretion, or other action in his or her official capacity, he or she offers, confers, or agrees to confer any pecuniary benefit upon such public servant.

All essential elements of the bribery statute are included in the information. Further, the information supplements that statutory language by including the date of the allegation and, more importantly, specifying the mental state for the bribery

charge as "corrupt intent," which is not set out in the statute, but has been developed through case law. See State v. O'Neil, 103 Wn.2d 853, 859, 700 P.2d 711 (1985).

The statute for misdemeanor driving under the influence, RCW 46.61.502(1), states:

> 1) A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:
> (a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or
> (b) The person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood made under RCW 46.61.506; or
> (c) While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug; or
> (d) While the person is under the combined influence of or affected by intoxicating liquor, marijuana, and any drug.

As to the driving under the influence charge, the information is also specific as to all essential elements. Though the charging document does not include subsections (a), (b) or (d) from the statute, these were not relevant to Geisen's case since the State focused on proving the case under subsection (c), commonly referred to as the "affected by" prong. Again, the State supplemented the statutory language by including the date and county of the alleged criminal conduct. As to this charge, the information was also constitutionally sufficient.

Geisen relies on two cases that are not relevant here. The first, City of Seattle v. Termain, addresses a charging document for violating a domestic violence order, however the information did not identify the order which was alleged to have been violated. 124 Wn. App. 798, 803, 103 P.3d 209 (2004). This

court held that the document was insufficient based on the omission of that specific fact, or any other facts sufficient to apprise the defendant of the actions giving rise to criminal charges. Id. at 806. The court stated that the charging document was "awkwardly worded and vague" and further described it as "gobbledygook." Id. The information, standing alone, did not establish that any order was currently in place that restricted the defendant's conduct. Alternatively, if the defendant had more than one active order restricting contact with different parties, it would have been difficult to determine the criminal conduct alleged based on the charging instrument alone.

That is not the case here as it is clear from the information both what Geisen was being charged with and the particular conduct he was alleged to have engaged in that constitutes each crime. Though Geisen advances the argument that the information should provide specificity as to each fact alleged, this is not a requirement of the case law, nor is it required by statute.

The other case Geisen cites is from 1892 and involved our supreme court addressing early codification of common law causes of action, ensuring that the statutes provide sufficient specificity. See State v. Carey, 4 Wash. 424, 30 P. 729 (1892). Carey involved an indictment for practicing medicine without a license. Id. at 430. However, the charging instrument did not provide sufficient detail regarding the conduct the charged individual was alleged to have engaged in due to the vagueness of the statutory language. Id. at 431-32. The Supreme Court's analysis included the concern that the charging language was purely statutory and the defendant needed to be put on notice as to what conduct the state believed

constituted the unlawful practice of medicine. Id. 432-34. This case is not analogous since the language in the charging document here is not vague enough to warrant the concerns raised in Carey. Furthermore, as this court has previously noted, the modern precedential value of Carey is questionable given the numerous "legal developments such as discovery and an indigent's right to state-appointed counsel" that have evolved since 1892. State v. Davis, 60 Wn. App. 813, 818 n.4, 808 P.2d 167 (1991).

> In a recent opinion, the Supreme Court directed that

> [r]eviewing courts use a two-pronged test to resolve challenges to the sufficiency of evidence: (1) do the necessary facts appear in any form, or by fair construction can they be found, on the face of the charging document and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language that caused a lack of notice?

Pry, 194 Wn.2d at 752-53; See also Zillyette, 178 Wn.2 at 162.

As to the prong of the first test, "we look solely to the face of the information to determine if the essential elements of the crime appear in any form, or by fair construction, in the charging document." Zillyette, 178 Wn.2d at 162. Here, as discussed above, the first prong of this test is met; the necessary facts, those of the essential elements, are contained within the charging document. Recently, the Supreme Court held that a charging document that primarily recited the language from the statute sufficiently advised the defendant as to the nature and elements of the criminal accusation. See State v. Merritt, 193 Wn.2d 70, 74-75, 434 P.3d 1016 (2019). Merritt involved a mortgage fraud charge that was more factually complex than either of the charges at issue here, yet recitation of the statute was sufficient.

When we look to the second prong, whether Geisen can show actual prejudice, it is clear from this record that he cannot. Geisen argues that he is at risk of double jeopardy because the charging document is not specific enough so as to avoid a second charge for the same conduct. This, however, is speculative and does not demonstrate actual prejudice. As the State argued in its briefing, double jeopardy is a much more complex question that can only be resolved by a deeper inquiry than merely looking to the charging document. Further, the fact that defense counsel didn't seek a Bill of Particulars at the trial court suggests that they understood which actions and circumstances gave rise to the charges. See CrR 2.1(c). There is nothing in the record before us to suggest Geisen's trial counsel was unclear about the changes or concerns about a risk of double jeopardy.

The charging document, standing alone, provided all essential elements of the crime which constitute the necessary facts, such that Geisen was informed of what he was being charged with as to both count one, felony bribery, and count two, misdemeanor driving under the influence. Additionally, Geisen fails to demonstrate actual prejudice resulting from the language of the charging instrument.

II.      Ineffective Assistance of Counsel

Geisen next argues that he was deprived of effective assistance of counsel due to his attorney's failure to request specific language in the voluntary intoxication instruction. For Geisen to prevail on a claim of ineffective assistance of counsel, he must show both deficient performance by his attorney and resulting

prejudice. State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). "[P]erformance is deficient if 'it falls below an objective standard of reasonableness.'" Id. at 33 (quoting Strickland v. Washington, 466 U.S. 688, 104 S. Ct. 2052 (1984)). A showing of prejudice requires a reasonable probability that, but for the deficient performance, the outcome of the proceeding would have been different. State v. Estes, 188 Wn.2d. 450, 458, 395 P.3d 1045 (2017). "Courts engage in a strong presumption counsel's representation was effective." State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Judicial review of how counsel handled an individual's case must be highly deferential. Strickland, 466 U.S. at 689.

Geisen's argument emphasizes that his trial counsel did not request specific "corrupt intent" language in the voluntary intoxication jury instruction. However, defense counsel did seek, and obtained, the standard voluntary intoxication instruction regarding intent as follows: "[n]o act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant acted with intent."

"Jury instructions are sufficient if they are supported by substantial evidence, allow the parties to argue their theories of the case, and when read as a whole properly inform the jury of the applicable law." State v. Clausing, 147 Wn.2d 620, 626, 56 P.3d 550 (2002). The "to convict" instruction provided to the jury properly identified the mens rea element of bribery as "corrupt intent," so, as a whole, jurors were properly informed as to the applicable law in Geisen's case.

This instruction was sufficient to allow defense counsel to argue their theory of the case. Defense counsel in closing argued the following: "[n]ow, Instruction 11 tells you that the intoxication can go into whether he had—he acted with intent. Now, the State keeps saying acted with intent, but the WPIC actually says with corrupt intent. Not just intent, but a corrupt intent that day." Geisen fails to establish deficient performance.

Additionally, defense counsel's choice to not propose a modified voluntary intoxication instruction which utilized the phrase "corrupt intent" could have been for any number of strategic reasons. Defense counsel may be cautious about proposing a non-standard jury instruction, determining that use of standard instructions is a strategically safer choice in a particular case. See State v. Studd, 137 Wn.2d 533, 547-48, 973 P.2d 1049 (1999). Further, as the State pointed out at oral argument, asking for the language proposed by Geisen on appeal might have prompted the prosecutor to ask for a defining instruction for the term corrupt intent which may have been even narrower than what the jury considered it to be. In light of the strong presumption that counsel was effective, and the number of legitimate tactical reasons to decline to pursue specific language in the involuntary intoxication instruction, Geisen fails to demonstrate deficient performance by counsel, which ends our inquiry.

III.     Interest on Legal Financial Obligations

Finally, Geisen argues that the interest accrual provision in his judgment and sentence is improper. The State concedes this point. We accept the

concession.  We affirm Geisen's convictions, but remand only for the trial court to strike the interest provision from the judgment and sentence.

Affirmed, remanded in part.

WE CONCUR: